[No. 370. Decided April 30, 1892.]

MINNIE M. KELLY, *Respondent,* v. WEST SEATTLE LAND & IMPROVEMENT COMPANY, *Appellant.*

CONVEYANCES—DEDICATION BY ESTOPPEL—WAIVER OF REPRESENTA-
TIONS.

Where a deed to certain lots describes the property according to a plat of record in which there is no other dedication than that of streets and alleys, the grantee is bound thereby, although the grantor may have, prior to the recording of the plat and the execution of the deed, represented that a certain tract adjoining the grantee's lots would be dedicated for park purposes, as such representations prior to the recording of the plat will not work an estoppel. In accepting a deed which makes a recorded plat a part of itself, the grantee waives the benefit of statements made to her by the grantor prior to the recording of the plat.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*Struve, Haines & McMicken,* and *Stratton, Lewis & Gilman,* for appellant.

*Thompson, Edsen & Humphries,* for respondent.

The opinion of the court was delivered by

STILES, J.—In a somewhat extended examination of cases and books, running far beyond the citations in the briefs, we have not succeeded in finding any precise authority to aid in the decision of this appeal. Respondent sued the appellant and its grantee, the Seattle

Transfer Company, for damages alleged to have accrued
to her lots in block 5, of the appellant's first plat of
West Seattle, by reason of their acts, an outline of which
we shall narrate.

On the 16th day of October, 1888, the appellant was the
owner of certain real estate of which it on that day filed a
plat in the office of the auditor of King county. Prior to
that day it appears that its president and secretary had in
their possession blue print, or other duplicates of the plat,
but upon which no dedication was written. According to
the finding of the jury in the case at least one of these
duplicates was shown to respondent, and she was invited to
buy some of the lots, although the final arrangements for
putting the property on the market had not yet been
completed. She was told that the plat shown her would be
the plat that would be filed, and that certain grounds indi-
cated thereon would be dedicated to the public as parks,
would be beautified by the company, and would be forever
kept open and unbuilt upon. She made up her mind that lots
15 and 16, in block 5, were her choice, because only the west-
erly half of the block appeared to be divided into lots. The
easterly half, although it was evidently enclosed within the
block lines, was undivided and was marked "Park Reserve,"
in plain letters. The lots were at the edge of a high bluff
overlooking the bay and the city of Seattle, while the
"Park Reserve" was on the slope toward the bay. She was
assured that this would be a park, and the advantages of
the situation were set forth to her in engaging terms by the
officers of the corporation. The plat was filed for record
shortly after noon on October 16, in the identical form in
which it had been exhibited to respondent, but it then had
attached to and made a part of it a very peculiar and, to
the respondent, disappointing instrument of dedication; for,
by this instrument, nothing but certain streets and alleys

shown on the plat were dedicated, and the following was added:

"It is the intention hereby to reserve to said West Seattle Land & Improvement Company, its accessors and assigns, all rights and privileges not hereby expressly granted, and nothing shall be taken by implication against the said company, its successors or assigns, by reason of this dedication, unless the same is hereby expressly granted."

Respondent admits that under this plat and deed, as filed, there was no statutory dedication of the "Park Reserve" to the public, but that it was retained to the corporation for all purposes. But she claims that through the representations made to her in words and by the exhibition of the unsigned plat, she, as a purchaser of the above mentioned lots without actual knowledge of the limitations attached to the recorded plat, was entitled, under the doctrine of estoppel which is applied in such cases, to have the "Park Reserve" kept and maintained a public park as an appurtenance to her property. As before stated, the plat with its deed of dedication was filed shortly after noon of October 16th. Respondent's purchase was made after the plat was filed, and she exhibits a deed dated October 16th, but acknowledged and recorded October 19th. Its delivery could not, therefore, have been made until the latter date. The description in the deed was of "lots 15 and 16, block 5 (and others) in first plat of West Seattle, by the West Seattle Land & Improvement Company, *as recorded in the auditor's office* of King county, Washington Territory." Respondent at the time she took her deed had not seen the plat as filed for record with the deed of dedication attached.

In April, 1889, the appellant had contracted to sell to the Seattle Transfer Company a portion of the "Park Reserve" comprising about seventy-five feet in width across its southerly end, for the purpose of erecting thereon a

barn; and as a part of the consideration it had graded the surface to a level so that immediately in the rear of respondent's lots there was an excavation from ten to fifteen feet in depth, and all of the trees and shrubbery were removed. April 2d this seventy-five feet of land was conveyed to the Seattle Transfer Company, which forthwith erected its barn, covering nearly the whole space. The action was brought upon the theory of a dedication by estoppel of the "Park Reserve," and of a continuing nuisance caused by the permanent diversion of part of it to other uses, the excavation and the erection of the barn. The gravaman of the action was the destruction of respondent's easement as an appurtenance to her lots, and damages were awarded to her in a large sum. The Seattle Transfer Company was made a defendant under allegations of notice to it of all the facts upon which respondent based her claim of estoppel; but at the trial there was a total failure to prove the notice, and the court granted a nonsuit as to that defendant, from which respondent does not appeal.

We do not see how this judgment can be sustained. The deed which respondent accepted described her property according to the plat which was of record, whereby the plat and all its contents became a part of the conveyance, as though it had been incorporated into it. The sale to her was not made with reference to the plat which she had looked at some days before, but by one which had since become a public record, of which she was bound to take notice. We do not say that if at the time of a sale of lands according to a plat on file the seller should represent to the purchaser who did not see the plat that a certain dedication existed on it, no damage would accrue if the representations were false, or that there is no authority for the holding that in such a case a dedication would be inferred by estoppel, especially where there had been an

adverse use by the public, although the recorded plat might in both cases expressly negative the idea of dedication. *Village of White Bear v. Stewart*, 40 Minn. 284 (41 N. W. Rep. 1045); *Baker v. Vanderburg*, 99 Mo. 378 (12 S. W. Rep. 462). But where the declarations shown were made before the plat was executed or filed, and merely consisted of statements as to what the seller intended to do, and what would be the case when the plat should be filed, we can see no reason why the usual rules as to false representations should not apply; and why it was not entirely competent for the appellant to change its form of certificate from the one promised to the one adopted and recorded without rendering itself liable to be holden to a dedication to the public by estoppel, of all that its officers had promised to respondent would be dedicated before it sold any of its lots to her. And when we add to the law of such cases the fact that the deed made the recorded plat a part of itself, it seems clear that respondent, in accepting it, waived the benefit of the statements made to her and took just what the deed expressed and nothing more. This position is warranted by the principal case relied upon by respondent: *Fisher v. Beard*, 32 Iowa, 346.

We pass over certain testimony which was introduced over the objection of the appellant, tending to show a dedication subsequent to the filing of the plat by user of the public, as there was no such issue in the case.

The case above discussed was made at the time appellant's motion for non-suit was overruled; the judgment is therefore reversed, and the cause remanded with instructions to the superior court to sustain the non-suit and dismiss the action.

ANDERS, C. J., DUNBAR and SCOTT, JJ., concur.

HOYT, J., being disqualified, did not sit.