[No. 1985.  Decided January 10, 1896.]

FRANK P. FRIDAY, *Appellant*, v. DANIEL S. PARKHURST
*et ux.*, *Respondents.*

VENDOR AND PURCHASER — MISREPRESENTATION — RESCISSION.

A sale of lots according to a recorded plat showing an alley in
the rear may be rescinded by the purchaser, when in fact that portion
of the plat including the alley had been vacated without his knowl-
edge and the plat, as originally recorded, was exhibited to him at
the time of purchase, and he was induced to purchase by reason of
the supposed existence of the alley, as represented on the plat ex-
hibited to him.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge.  Affirmed.

*Alex. Akerman*, for appellant.

*H. A. Porter*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action to foreclose a mort-
gage on certain lots in Friday's Addition to Everett.
The appellant filed a plat of this addition in the office
of the county auditor of Snohomish county, on the
24th day of February, 1892.  Upon the 15th day of
September, 1892, the county commissioners at the re-
quest of the plaintiff granted an order vacating certain
portions of said plat.  Upon the 28th day of October,
1892, appellant sold to the respondents certain lots in
the vacated portion of said plat and gave his warranty
deed to the same, and described the lots as according
to the plat filed February 24, 1892.  A payment of
$400 in cash was received and the respondents gave
their notes for the deferred payment of $900, with
mortgage on the lots to secure the same.  When ap-
pellant brought his action to foreclose the mortgage,

respondents answered and pleaded for a defense that at the time of the execution of the notes and mortgage, and the execution of the deed, the respondents were unaware of the vacation of the plat referred to in the deed, that the appellant, intending to mislead and deceive them as to the condition and surroundings of the lot purchased, concealed from them the fact that said plat had been vacated, that subsequent to the deed of conveyance and without the knowledge or consent of the respondents the plaintiff re-platted same addition and so changed it as to close up an alley which was shown to be at the back of the lots on the plat which was referred to in the deed of conveyance, that said alley afforded the only means of access to the rear end of said lots, and its existence at the time of respondents' purchase was one of the main inducements thereto, and had they known that it was to be closed up they would not have made said purchase; alleged that by reason of the closing up of said alley the property had been impaired in the sum of $1,300, that subsequent to said purchase and before knowledge of the fact that said alley was closed up they expended the sum of $59 in improvements, that these improvements were made relying upon the existence of the alley shown on the plat referred to in the deed, that when defendants learned that said alley had been closed they requested plaintiff to take back the said lots, canceling said notes and mortgage, and pay back to them the $400 cash payment, alleging that they were then and ever since had been and were at the time of the trial ready and willing to make and execute to the appellant a deed to said lots upon the conditions aforesaid, and demanded judgment against the appellant that he accept conveyance back of said lots and surrender up said mortgage and notes

for cancellation, and for the sum of $400, the legal interest thereon from the date of the execution of the notes, and $59 expended for improvements, or, in case that such relief could not be granted, that they should have judgment against the appellant for the sum of $1,300 as damages. Appellant interposed a demurrer to the answer, which was overruled, and then filed a reply admitting that the making of the deed as alleged in the answer and the vacation of the plat, but denying the other affirmative allegations of the answer.

Upon the trial the court found in favor of the respondents and entered a plea rescinding the contract and for the return of the purchase money. The contention of the appellant is that the answer was bad and the demurrer should have been sustained. It is urged by the appellant that the reference in the deed to the plat filed February 24, 1892, had the effect of incorporating the plat in the deed as a part of the description of the land conveyed, and that the grant of land with reference to the plat or map upon which there are streets and alleys gives the grantee an easement over all the streets and alleys adjacent to the lots conveyed, and that when the deed was delivered the grantor became estopped from setting up any right over the said streets and alleys inconsistent with the rights of the grantee, or in /other words, as between grantor and grantee there was a complete dedication of the streets and alleys by estoppel. There is no doubt that so far as the grantor is concerned he would be estopped from denying the easement of the respondent over the alleys described in the plat which which was made a part of the deed; but this does not give complete justice to the purchasers. They bought with reference to the recorded plat which was described in the deed, that plat showed a dedicated alley

which probably tended to enhance the value of the lots in the minds of the purchasers, and notwithstanding the fact that the vendor may be estopped from disputing the easement, other rights may have intervened; the vendor may have sold the land which comprised this alley to a third party between the date of the vaction of the plat and the sale of these lots to the respondents. In such case the respondents would be remediless except by an action for damages against the vendor, and that might not be adequate. It would be but cold comfort to say to the respondents that "because appellant deeded you a lot representing that it was surrounded by streets and alleys the court will consider that it is surrounded by streets and alleys, and that in your settlement with the vendor you must pay him on the supposition that streets and alleys are there notwithstanding it affirmatively appears that they are not there; and then you must enter into a series of lawsuits with third parties to maintain your rights." This is an equitable action, and it is hornbook law that when a party comes into court asking the enforcement of an equitable remedy he must come with clean hands and show that the transaction on his part has been equitable. In this case the answer alleges, the court finds, and the proof shows that at the time of this sale not only was the plat referred to in the deed, but the vendor and vendee went onto the ground, the lots were examined and the plat was there exhibited to the vendee, and he swears that he would not have bought the lots at all had it not been for the supposed existence of this alley. The vendor, then, under the plainest principles of equity will not be allowed to retain the benefit flowing from his misrepresentations, and will not be allowed to foreclose the equity of redemption existing in these respondents, if it affirma-

tively appears that his own actions have been inequitable, fraudulent and wrong. Here is an implied covenant, for

" If land is conveyed as bounded upon one or more sides by a way, this is not a description merely, but an implied covenant of the existence of such a way." 2 Devlin, Deeds, § 881, *Parker v. Smith,* 17 Mass. 413 (9 Am. Dec. 157).

This covenant has been broken by the grantor, and the effect of the misrepresentation pleaded and proven gives the respondents a right to the rescission of the contract. The rule is thus laid down by Pomeroy's Equity Jurisprudence (§ 899):

" Wherever an agreement or other like transaction has been procured by means of a material fraudulent misrepresentation by one of the parties, the other has an election of equitable remedies. The injured party may, at his option, compel the fraudulent party to make good his representation — that is, to carry it into operation in the nature of a specific performance — when it is of such a nature that it can be thus performed; or he may rescind the agreement, and procure the transaction to be completely canceled and set aside."

It stands confessed that the appellant in this case through a misrepresentation procured the sale of these lots and the execution of the mortgage which he is now attempting to foreclose, and it would be inequitable in our opinion to allow him in this action the benefit of those fraudulent misrepresentations and to relegate the respondents to another forum to obtain redress, if it could be obtained at all.

The judgment is right and will be affirmed.

ANDERS and SCOTT, JJ., concur.

HOYT, C. J., dissents.