[S. F. No. 833. Department One.—May 31, 1899.]

## LOUISE S. HARRINGTON, Respondent, v. EDWARD M. PATERSON, Appellant. UNION SAVINGS BANK, Defendant.

VENDOR AND PURCHASER — RESCISSION OF PURCHASE — DISCOVERY OF FRAUD—DILIGENCE.—A purchaser desiring to rescind the contract of purchase for alleged fraudulent representations of the vendor in inducing the purchase must do so promptly, upon discovery of the facts constituting the fraud, and as soon as reasonably possible thereafter should commence the proceedings for relief.

ID.—IMPUTED KNOWLEDGE—MEANS OF KNOWLEDGE—PUTTING UPON INQUIRY.—The purchaser must be held to have knowledge of the facts constituting the alleged fraud whenever the means of knowledge thereof existed, and the circumstances were such as to put him on inquiry.

ID.—ACQUIESCENCE—WAIVER OF RELIEF.—Acquiescence by unnecessary delay after actual or imputed knowledge of the facts constituting the fraud, will defeat the equitable relief; and if, after discovery of the falsity of the representations, the purchaser conducts himself in reference to the transaction of purchase, as though it were still subsisting and binding, he thereby waives all relief for rescission thereof.

ID.—ASSUMPTION OF MORTGAGE—MORTGAGE TO VENDOR—PAYMENTS AFTER DISCOVERY OF FRAUD—WAIVER OF RESCISSION.—Where the purchaser assumed a mortgage made by the vendor to a bank, and gave the vendor a mortgage for the unpaid residue of the purchase money, and after admitted discovery of the falsity of the alleged misrepresentations continued for many months to make payments to the bank and to the vendor, and took no steps for rescission otherwise than by cross-complaint in an action in which both mortgages were sought to be foreclosed, and which was brought more than sixteen months after the alleged discovery of fraud, he is chargeable with laches, acquiescence, and waiver of the right of rescission.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Charles F. Craddock, for Appellant.

Davis & Hill, for Respondent.

VAN DYKE, J.—October 7, 1891, appellant purchased from the plaintiff certain premises in the city of Oakland, with a

dwelling-house thereon, for the sum of nine thousand dollars. A thousand dollars was paid in cash, and the purchaser assumed and agreed to pay and discharge the mortgage on said premises, previously executed by the plaintiff and her husband to the defendant bank, in the sum of three thousand five hundred dollars; and also executed a note and mortgage to the plaintiff in the sum of four thousand five hundred dollars, the balance of the purchase price.

The action is for the foreclosure of the mortgage executed to the plaintiff, and was commenced April 26, 1895. The defendant bank, by way of cross-complaint based upon its own and prior mortgage, also asked for foreclosure. The defendant Paterson filed his amended answer and cross-complaint as against the plaintiff. The plaintiff demurred "to the cross-complaint and affirmative matter set forth in the amended answer and cross-complaint of the defendant, Edward M. Paterson," on the ground, among others, that it did not state facts sufficient to constitute a cross-complaint or cause of action, nor entitle the defendant, Paterson, to any affirmative or other relief." The court sustained "the demurrer of plaintiff to defendant Paterson's amended cross-complaint" without leave to amend.

The matters averred in the cross-complaint necessary to be considered are that, while the negotiations for the purchase were pending, the husband of the plaintiff, as her agent, represented to the defendant that the dwelling-house on the premises was in every respect a first-class building; that it was constructed throughout with first-class material; that it had been built for plaintiff and her family; and that, in order to insure the most thorough construction and equipment of said building and the use of the best material therein, the plaintiff had caused the same to be build by day's labor and not by contract; that said building was constructed at a much greater cost and in much more substantial manner, and of much better materials than it would have been if built by contract; and that it cost five thousand two hundred dollars, and was worth the sum of five thousand two hundred and fifty dollars; and that the land on which it was built, being the premises conveyed, was worth three thousand two hundred and fifty dollars; that these representations were false; that the dwelling-house was built by con-

tract, not by day's labor, was not constructed of first-class material, but second and third class, and it did not cost to exceed three thousand two hundred dollars, was not built for the home of plaintiff, but upon speculation; that the defendant was a man ignorant of and had no knowledge of the construction or value of dwelling-houses; that the defendant, for the first time, discovered and ascertained the falsity of the representations stated, on December 1, 1893. And he alleged that he thereupon notified plaintiff of such discovery, and that he refused to be bound by said contract of sale, and repudiated the same and demanded the return of all moneys paid thereunder, and that he would redeed the property to the plaintiff and restore the possession thereof, but does not aver either the execution or tender of a deed.

It appears further from the cross-complaint that the appellant entered into the possession of the house and premises at the time of the purchase thereof, and has since continued in such possession. There is no reason shown why the appellant did not discover or ascertain the facts showing the representations to be false, as alleged, prior to December, 1893. And, further, it appears from the cross-complaint that the appellant continued paying interest on the bank mortgage up to April, 1895, and on the plaintiff's mortgage up to January, 1893.

Our code prescribes the general rule in reference to the rescission of a contract. The party desiring to rescind must do so promptly on discovering the facts which entitle him to rescind. He must restore to the other party everything of value which he has received, or offer to do so. (Civ. Code, sec. 1691.) From the time the appellant entered into possession of the premises he had every facility for ascertaining whether the alleged representations were false or true, and the law presumes that within a reasonable time he had fully ascertained the truth or falsity of such representations, if made, and it was his duty immediately to take steps for a rescission, if he desired to do.

"Upon obtaining knowledge of the facts he should commence the proceedings for relief as soon as reasonably possible. Acquiescence consisting of unnecessary delay after such knowledge will defeat the equitable relief." (2 Pomeroy's Eq. Juris., sec. 817.) "He is not allowed to go on and derive all possible bene-

fits from the transaction and then claim to be relieved from his own obligations by rescission or refusal to perform on his own part. If, after discovering the untruth of the representations, he conducts himself in reference to the transaction as though it were still subsisting and binding, he thereby waives all benefit of and relief from the misrepresentations." (2 Pomeroy's Eq. Juris., sec. 897.)

From his own showing the appellant continued to pay rent on the bank's mortgage for many months after he admits he discovered the allegations to be false, and paid interest on the plaintiff's mortgage for over a year after he entered into possession of the premises; and still took no steps for a rescission until the suit brought to foreclose the second mortgage. *Archer v. Freeman, ante,* page 528, presented features of laches and acquiescence something similar to this case. There, upon an action for damages claimed to have arisen from false representations on the sale of real estate, the plaintiff was nonsuited, and this court in affirming the judgment uses this language: "It is the clearly established law that in such a case a party must be held to have had knowledge of the alleged frauds whenever the means of knowledge existed and the circumstances were such as to put him on inquiry. (*Moore v. Boyd,* 74 Cal. 171; *Lataillade v. Orena,* 91 Cal. 578; 25 Am. St. Rep. 219; *Bills v. Silver King Min. Co.,* 106 Cal. 9.)"

We think the demurrer to the cross-complaint was properly sustained.

Judgment affirmed.

Garoutte, J., and Harrison, J., concurred.