[No. 9846. Department One. December 20, 1911.]

CHARLIE KUEHL et al., *Respondents*, v. F. M. SCOTT et al.,
*Appellants*.[1]

VENDOR AND PURCHASER — CONTRACT — RESCISSION BY VENDEE— FRAUD—WIDTH OF STREET. A contract may be rescinded by the vendee where the lot had no means of access except a street, represented by the vendors to be twenty-five feet wide, when in fact it was only fifteen feet, a fact materially affecting its value, and as to which the vendee had no means of readily ascertaining the truth.

SAME—RESCISSION BY VENDEE—WHILE IN DEFAULT. A contract for the sale of land may be rescinded by the vendee for fraudulent representations, if he acts promptly, although he is in default in a payment, where the vendors had not elected to declare a forfeiture or terminated the contract for such default.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 1, 1911, in favor of the

[1]Reported in 119 Pac. 742.

plaintiffs, in an action for rescission, after a trial on the merits. Affirmed.

*Sheldon & Jones*, for appellants.

*Brady & Rummens* and *T. B. McMartin*, for respondents.

PARKER, J.—This is an action for rescission of a land purchase contract, and recovery of the amount paid upon the purchase price and the amount expended in improving the land. The plaintiffs rest their right of rescission upon alleged false representations made to them by the defendants as to the location of the north boundary line of the land, and as to the width of the street along that line. From a judgment in favor of the plaintiffs, the defendants have appealed.

On December 1, 1909, appellants entered into a contract with respondents for the sale of a tract of land, in Seattle, fronting 88 feet on the south side of North 70th street, and extending south therefrom 150 feet. The agreed purchase price was $1,300, of which $200 was paid in cash, and the balance of $1,100 was to be paid December 1, 1910, with seven per cent interest, payable semiannually. The contract contained the usual forfeiture clause, by which all rights of respondents as purchasers under the contract should be forfeited, including all sums paid on the purchase price, upon the failure to make payments of principal or interest as therein agreed, "at the election of" appellants. Respondents claim that, prior to entering into the contract and as an inducement to their purchasing the land, appellants represented and stated to them that 70th street, upon which the land fronted, was 25 feet wide, when in fact it is only 15 feet wide. This is the principal false representation involved, and the one upon which the learned trial court rested its decision in respondents' favor, as indicated by its oral decision.

The court made no formal findings. The evidence shows that there is no outlet from the land other than over 70th street; hence, the width of that street materially affects the

value and desirability of the land. This is particularly true when the width of that street is reduced to the very narrow width of 15 feet. At the time of the making of the contract, the street was not improved so as to in any manner indicate its width, and respondents had then no means of readily ascertaining its true width, and had no reason to doubt the representations made to them by appellants. The evidence is not entirely free from conflict touching the nature of the representations as to the width of the street, but a careful review of the entire evidence convinces us that it preponderates in favor of respondents' contentions. We are of the opinion that these facts sustain respondents' claim of rescission of the contract, under our former holdings. *Best v. Offield,* 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55.

It is contended in behalf of appellants that respondents were in default in the payment of interest at the time of the commencement of this action, and therefore are not in a position to claim rescission of the contract. In support of this contention, counsel rely upon *Reddish v. Smith,* 10 Wash. 178, 38 Pac. 1003, 45 Am. St. 781, where the general rule is stated that "a party who is in default will not be allowed to rescind a contract." While that statement of the rule was applicable to that case, it is subject to some qualifications as applied to this case. That case involved an attempt to rescind by the purchaser after default in payments, and after an election by the seller to claim a forfeiture under the terms of the contract. It was, in effect, an attempt to rescind and reclaim the portion of the purchase money paid by the purchaser after all his rights under the contract were at an end. There was in fact no longer any contract to rescind. In this case, there may have been a technical default in payment of the first semiannual interest, though there are circumstances shown in the record rendering even that doubtful; but appellants had not then elected to claim a forfeiture. Indeed, they do not appear to have claimed a forfeiture even yet, so far as this record shows. It is mani-

fest that the contract was in full force at the time respondents claimed rescission thereof, which was soon after the first semiannual interest became due. This action was commenced in September, 1910, some three months before the deferred payment of $1,100 on the principal became due. If respondents had the right to rescind because of the false representations of appellants at the time of entering into the contract, they surely were not required to make payments on the contract to keep their rescission right alive, providing they promptly sought rescission upon discovery of the falsity of the appellants' representations, which we think they did in this case. Had appellants sought a forfeiture of respondents' rights under the contract because of the default before rescission was claimed by respondents, the rights of the parties to this controversy might be different, though we express no opinion as to what their rights would then be.

It is unnecessary to notice the other alleged false representations, since the one relating to the width of 70th street we think is sufficiently proven and of sufficient consequence to support the judgment. It is clear that there is no error in the amount of the judgment.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, and GOSE, JJ., concur.