[No. 17431. Department One. January 22, 1923.]

BERNACE MAUDE DAY et al., Respondents, v. HERBERT CHARLES TAYLOR, Appellant.[1]

VENDOR AND PURCHASER (18, 60)—RESCISSION BY PURCHASER— MISREPRESENTATIONS—EXISTENCE OF STREET. False representations by exhibiting a plat or blue print, relied on and inducing the sale, showing that the lot abutted on a dedicated street, are misrepresentations of a material existing fact, entitling the vendee to a rescission (HOLCOMB, J., dissents).

Appeal from a judgment of the superior court for King county, Brinker, J., entered March 18, 1922, in favor of the plaintiffs, in an action for rescission, tried to the court. Affirmed.

*Tucker & Hyland* (*Ford Q. Elvidge* and *Mary B. Alvord,* of counsel), for appellant.

*Joseph M. Glasgow,* for respondents.

[1]Reported in 212 Pac. 170; 216 Pac. 31.

Mitchell, J.—This suit was brought to cancel a real estate purchase contract and to recover money paid on the contract, and also money expended in improving the land. Plaintiffs recovered judgment, from which defendant has appealed.

No question is raised on the appeal as to the amount of the recovery, assuming cancellation of the instrument was proper. The property is situated near Seattle, on Mercer Island in Lake Washington, and designated as lot or tract "C," Lakemont addition. The appellant owned approximately twenty-seven acres fronting on the waters of the lake. He had it surveyed and platted into some forty-eight different tracts, numbered partly by numerals, the rest by letters, and divided into six areas or blocks separated by streets and avenues. He caused blue prints of the addition to be made and placed them with his agent, who in turn furnished one of them to a sub-agent, to assist in making sales. The sub-agent interested the respondents in lot "C" of the addition by showing him the property and exhibiting the plat while they were on or at the property, at which time the streets were unopened, other than a county road some distance from the lot in question, the property being in an unimproved, brushy condition. Lot "C," a waterfront lot, is described on the plat not only by that designation, but also by metes and bounds, and, as shown on the plat, the south end of it abuts on Taylor street, which on the plat was represented to be fifty feet wide. Upon the prospective sale being reported to the principal agent, he completed the bargain, which was reduced to the written contract, signed by the owner, that is involved in this action. In the contract the lot is described by metes and bounds. Sometime thereafter the vendees, claiming to have discovered fraud

inducing them to enter into the contract, brought this suit.

There is a square dispute between respondents and the principal agent of the appellant as to whether or not the agent represented that the plat had been recorded. As a fact, it had not been recorded at any time down to the date of the trial. But there is no dispute whatever that the plat was used and exhibited in making the sale. The plat gives the name of the addition, the total area and governmental description of all of the addition, the name of the owner, and the name of the exclusive selling agents with their business address, and was intended for the purpose of being exhibited and used in making sales of the property. Respondents testified they relied on the plat, and there can be no question that appellant knew and intended that they should rely on it. At the trial, the appellant admitted that the streets had not been dedicated or conveyed to the public and that the property therein was still under his private control. The respondent testified that the fact that there was no street abutting on the lot he bought was a serious objection, and that had he known there was no public street or roadway to it he absolutely would not have purchased it. His testimony and the cross-examination of a real estate agent called by the appellant showed that the lack of a street or roadway abutting upon the lot in question makes a material difference in the desirability and value of the lot.

The case is not one wherein the vendees relied on a promise of the vendors to do something in the future, or that would take place in the vicinity, or an opinion of the merits of the land tending to enhance the value of the property disposed of, as was the situation in the cases of *Kelly v. West Seattle Land & Imp. Co.*, 4 Wash. 194, 29 Pac. 1054; *Manns v. Boston Harbor R.*,

*Steamship & Land Co.*, 82 Wash. 411, 144 Pac. 535, and *Stewart v. Larkin*, 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B 1069, cited and relied on by appellant, but one wherein there was a misrepresentation, relied on by the purchasers, of an existing fact, viz: a street abutting upon the lot sold, but for which misrepresentation the contract would not have been entered into by the respondents. The case is easily within the rule of *Kuehl v. Scott*, 66 Wash. 318, 119 Pac. 742, which, like the present one, was one for rescission of a land purchase contract, and recovery of the amount paid on the purchase price and the amount expended in improvement of the land. The vendee in that case was successful in the trial court; and on the vendor's appeal the court said:

"Respondents claim that, prior to entering into the contract and as an inducement to their purchasing the land, appellants represented and stated to them that 70th street, upon which the land fronted, was 25 feet wide, when in fact it is only 15 feet wide. This is the principal false representation involved, and the one upon which the learned trial court rested its decision in respondents' favor, as indicated by its oral decision.

"The court made no formal findings. The evidence shows that there is no outlet from the land other than over 70th street; hence, the width of that street materially affects the value and desirability of the land. This is particularly true when the width of that street is reduced to the very narrow width of 15 feet. At the time of the making of the contract, the street was not improved so as to in any manner indicate its width, and respondents had then no means of readily ascertaining its true width, and had no reason to doubt the representations made to them by appellants. The evidence is not entirely free from conflict touching the nature of the representations as to the width of the street, but a careful review of the entire evidence convinces us that it preponderates in favor of respondents' contentions. We are of the opinion that these

10—123 WASH.

facts sustain respondents' claim of rescission of the contract, under our former holdings. *Best v. Offield,* 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55."

To the same effect, see *Friday v. Parkhurst,* 13 Wash. 439, 43 Pac. 362.

Affirmed.

PARKER, MACKINTOSH, and BRIDGES, JJ., concur.

HOLCOMB, J., dissents.

ON REHEARING.

[*En Banc.* June 11, 1923.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment is affirmed.