[Civ. No. 3661.   Third Appellate District.—December 13, 1928.]

CHARLES TYSON BRYAN, Appellant, v. W. H. BAY-
MILLER et al., Respondents.

Fred C. Pugh and Ernest L. English for Appellant.

Huston, Huston & Huston and McCoy & Gans for Respondents.

JAMISON, J., *pro tem.*—Plaintiff brought this action to rescind a contract for the purchase of real estate entered into between him and defendant Baymiller Post Company and to recover the sum of $4,250 paid by him on the purchase price of said land under said contract and for damages in case rescission cannot be had.

Defendants answered, denying the material allegations of the complaint and setting up that plaintiff was guilty of laches in attempting to rescind the contract and that he had waived the alleged fraud of defendants, and also filed a cross-complaint demanding judgment in favor of defendant Pacific Land Company, to whom said contract had been assigned, for the remainder of the purchase price called for by said contract, to wit, $4,500.

Judgment went for defendants and in favor of the Pacific Land Company on the cross-complaint for the said sum of $4,500.

As ground for rescinding the said contract plaintiff alleges in his complaint that the consideration passing to

him under the contract has wholly failed in this, that by said contract Baymiller Post Company agreed that they would bore wells and install pumps and construct a water system necessary to irrigate the lands described in the contract, and when so constructed, said system would be conveyed to the El Camino Water Company, which last-named company Baymiller and Post had caused to be incorporated as a subsidiary company to hold title for them to said water system, and that the said water company after such construction and transfer would deliver water for the irrigation of plaintiff's said lands in accordance with a contract entered into by plaintiff with said water company of the same date as that of the contract between Baymiller Post Company and plaintiff, namely, June 3, 1921.

That thereafter Baymiller and Post caused the Pacific Land Corporation to be incorporated and in June, 1922, the said land contract was duly assigned by Baymiller Post Company to said last-named corporation, it assuming all obligation of the Baymiller Post Company contained in said contract,

That after its incorporation said Pacific Land Corporation continued the development of said irrigation system and completed the same in October, 1923; that in February, 1923, Baymiller and Post and Pacific Land Corporation proceeded to incorporate a second water company, known as the El Camino Canal Company. It was organized as a mutual water company empowered to furnish water to the stockholders only, and that on or about September 8, 1923, the Pacific Land Corporation conveyed to said Canal Company the entire irrigation system aforesaid.

That thereby the El Camino Water Company with whom plaintiff had contracted for water for the irrigation of his lands was left without any water system whatever and without means of supplying plaintiff with any part of the water it had contracted to supply him.

That plaintiff purchased the land, agreeing to pay $250 an acre for the same upon the representations of Baymiller and Post, that the same would be irrigated under the contract he entered into with the El Camino Water Company, and that without the necessary water to irrigate said land it would not be worth to exceed $25 per acre.

On the 28th of March, 1924, plaintiff served upon defendants a notice of his rescission of said contract, in which he stated that the consideration for his contract for the purchase of said land had failed by reason of the failure and refusal of the El Camino Water Company to develop water for the irrigation of said land and by reason of the transfer of the water system to the El Camino Canal Company, thereby making it impossible for either the Pacific Land Corporation or the El Camino Water Company to deliver water to said land.

The court found defendants had not committed fraud and that the El Camino Water Company was ready, able, and willing to supply to plaintiff the water called for by the said water contract, and that it is not true that since the execution of said water right the lands of plaintiff have been without a water right or right to irrigating water.

Half of plaintiff's land lies north of a public road and the other half south of said road. For the irrigation of the north half a pipe-line leads to it from what is known as well No. 6 and for the south half a ditch leads to the same from said well.

The only period during which any of said land was irrigated was during the year 1922, when a tenant of plaintiff raised a crop on a part of the south half of said land. During that period water was conveyed to said south half of said land through a ditch from said well No. 6. Other than this period, neither the plaintiff nor any tenant or agent of his has ever demanded water from defendants for the irrigation of said lands. This well was not owned by any of the defendants. It was the property of the Finnel Land Company, but the right to use water from this well for the irrigation of plaintiff's land was claimed by defendants under an agreement to that effect entered into by the Finnel Land Company with the Pacific Land Corporation.

Although defendants did not own this well, they claimed the right to furnish water for plaintiff's lands from it under the terms of said water contract which provides that the El Camino Water Company might supply the said water from any source whatsoever.

Shortly prior to July 1, 1923, the defendants, other than the El Camino Water Company, co-operating with the land

owners who owned land irrigated by said water system, organized a mutual water company, known as the El Camino Canal Company, and about that time plaintiff was informed of the organization of the company and that the defendants, other than the El Camino Water Company, would transfer the said water system to said El Camino Canal Company, and thereupon he was requested to surrender his water contract and purchase water stock of the said Canal Company in the proportion of one share of water stock for each acre of land owned by him; that is to say, that plaintiff should purchase thirty-five shares of stock at $60 per share. This request plaintiff refused.

Plaintiff testified that at the time defendants made the request or demand that he surrender his water contract and in lieu thereof purchase said stock, they informed him that unless he did this he would receive no water for the irrigation of his land. Defendants denied this and the court found against plaintiff upon this proposition.

In his opening brief plaintiff appears to rely, as ground for rescinding the land contract, upon the total failure of consideration, and, in support of this contention, says that this failure was due to the fact that the El Camino Water Company owned no water system or water rights or property of any kind.

It appears, however, that the Pacific Land Company to whom the said land contract was assigned, and who, plaintiff alleges in his complaint, assumed all the obligations of Baymiller Post Company called for by said land contract has a right to irrigate the lands of plaintiff from the said well No. 6, under the agreement with the Finnel Land Company.

Plaintiff argues upon the theory that this agreement does not guarantee a permanent right to the use of the water of said well, but is only a permissive right which may be terminated at any time. Admitting that this contention is true, yet up to the present plaintiff at all times has been furnished with water for the irrigation of his land whenever demanded or desired by him. Even in case defendants lost the right to use water from well No. 6 to irrigate plaintiff's land, it cannot be said that they would not be able to furnish it from other sources. Speaking of impossible considerations, Elliott, in his work on Contracts

486

(1st vol., sec. 225), says: "To bring the case within the rule of dispensation, it must appear that the thing to be done cannot by any means be accomplished." And, in the case of *Berry* v. *Wells*, 43 Okl. 244 [141 Pac. 444], the court used this language: "The contract as a matter of law, not being impossible of performance, defendants had no right to assume that plaintiff in no way could comply with the conditions which he undertook to perform."

The trial court found that plaintiff had waived any fraud of which defendants might have been guilty by his recognition of the contract, after the time, according to plaintiff's contention, his right to rescind was created, and that is equally true of his right to rescind the contract.

It appears from the evidence that after plaintiff had notice of the proposed transfer of the water system to the El Camino Canal Company and after, as he claims, he had been notified by defendants that, unless he purchased stock from said company, he would receive no more water for the irrigation of his said land, he paid interest on the unpaid portion of the purchase price of said land, promised to pay the principal sum and entered into negotiations with defendants for an extension of time for the payment of said principal sum.

That the right to rescind a contract may be waived is well settled. (*Harrington* v. *Patterson*, 124 Cal. 542 [57 Pac. 476]; 2 Black on Rescission, secs. 590, 594; 3 Elliott on Contracts, sec. 2430; *Bernard* v. *Sloan*, 2 Cal. App. 744 [84 Pac. 232].)

The trial court also found that plaintiff was guilty of laches, in that he did not use diligence in rescinding or offering to rescind; that continuously from June, 1923, until the date of the notice to rescind was given, namely, March 28, 1924, plaintiff had full knowledge of any and all rights he may have had to rescind said contract and that his delay in attempting to rescind was inexcusable. Subdivision 1 of section 1691 of the Civil Code provides that the party seeking to rescind must do so promptly, upon discovering the facts which entitle him to do so. Whether or not the defrauded party has rescinded promptly depends upon the circumstances of the particular case, and is a question primarily for the court, to whom a large discretion is confided and the disposition of the appellate court

is and should be, to respect that discretion and not interfere with his conclusion unless manifestly an injustice has been done. (*Pratt* v. *Pratt*, 43 Cal. App. 261 [184 Pac. 956]; *French* v. *Freeman*, 191 Cal. 579 [217 Pac. 515].) The courts have held that delay in rescinding from one to four months was too late. (*Schneider* v. *Henley*, 61 Cal. App. 758 [215 Pac. 1036]; *Marten* v. *Burns Wine Co.*, 99 Cal. 355 [33 Pac. 1107]; *Bailey* v. *Cox*, 78 Cal. 389 [20 Pac. 868].)

■ At the time plaintiff served his notice of rescission he had defaulted in payment of the balance owing on the purchase price of said land. This balance was due on July 1, 1923. In December, 1923, he tendered to defendants the balance of said purchase price but coupled this tender with conditions. Defendants refused to accept the tender with the said conditions. Defendants were justified in refusing the tender, which was made subject to conditions foreign to the contract for the purchase of the land. (Sec. 1494, Civ. Code; *Roffinella* v. *Roffinella*, 191 Cal. 753 [218 Pac. 397].)

■ Rescission of a contract cannot be made by a party who is in default. (*Russell* v. *Penniston*, 55 Cal. App. 492 [203 Pac. 813].)

We think the judgment should be, and it is, therefore, affirmed.

Hart, Acting P. J., and Plummer, J., concurred.