[Civ. No. 5981. Second Appellate District, Division One.—October 6, 1930.]

BELLA GOLD TABACK, Respondent, v. JACK GREEN-BERG, Appellant.

Jack Greenberg, *in pro. per.*, and Ernest Torchia for Appellant.

Fred Miller for Respondent.

YORK, J.—This cause was tried in the Municipal Court of Los Angeles County and judgment rendered in favor of the plaintiff for the sum of $550, from which judgment appeal was taken to the superior court upon a statement duly settled by the judge of the municipal court, containing all the evidence adduced at the trial, the grounds of

appeal and copies of the pleadings. The superior court affirmed the judgment of the municipal court, and from the judgment rendered on that appeal, defendant appeals to this court upon the following grounds:

"1. That the decision is against the law.

"2. That the decision is against the evidence.

"3. That the plaintiff did not rescind within a reasonable time after her discovery that the contract had partially failed.

"4. That the second cause of action for money had and received is barred by subdivision 1 of section 339, Code of Civil Procedure."

The record discloses that there was sufficient evidence to sustain the judgment. Five hundred and fifty dollars had been paid by the plaintiff to the defendant on a contract, which contract was rescinded by notice of rescission on April 13, 1926. The evidence shows that there were sufficient grounds for rescission. The action was properly brought in the municipal court, because it was merely an action for the recovery of $550 and not for the rescission of a contract, because that was rescinded by the notice of rescission. Instead of the statute of limitations for the bringing of this action running from June, 1923, when the alleged fraud was discovered, it would not begin to run until the cause of action accrued—on the thirteenth day of June, 1926, when the notice of rescission was served.

As was said in the case of *Richter* v. *Union Land & Stock Co.*, 129 Cal. 367, at page 375 [62 Pac. 39, 41]: "But the action is not for a breach of the original contract, but upon an obligation growing out of the failure to perform it. The plaintiff was not bound to treat the contract as abandoned on the first breach of it, or on any particular breach, but had his election still to rely upon it. The statute could not begin to run until he made his election to rely no longer upon the contract and to sue for the money paid by the defendant under it." See, also, *Rose* v. *Foord*, 96 Cal. 152 [30 Pac. 1114]; 16 Cal. Jur. 512.

We see no merit in any of the grounds of appeal urged. The judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1930.