[Civ. No. 9998.   First Appellate District, Division Two.—January 23, 1936.]

LAURETTA M. TULLIS, Appellant, v. TITLE GUARAN-
TEE AND TRUST COMPANY (a Corporation) et al.,
Defendants; BECKER–ARBUCKLE–WRIGHT COR-
PORATION (a Corporation) et al., Respondents.

Winterer & Ritchie for Appellant.

Jennings & Belcher and Louis E. Kearney for Respondents.

SPENCE, J.—Plaintiff brought this action praying that a contract for the purchase of real estate be declared null and void and rescinded because of alleged fraud; also for judgment against defendants for the total sums paid thereon amounting to $1631.12; and also that it be decreed that plaintiff had a lien on the premises described to secure the repayment of said sums and that said lien be foreclosed. The cause went to trial upon the second amended complaint and an amendment thereto. We shall hereinafter refer to said pleadings as the complaint. A copy of the written contract between defendant Title Guarantee and Trust Company and plaintiff was attached to the complaint. No demurrer was interposed. Upon the trial, all defendants, other than defendant Title Guarantee and Trust Company, objected to the introduction of any evidence as against said defendants upon the ground that the complaint did not state a cause of action against said defendants and said objection was sustained. Said defendants claimed that the action was one for rescission, that the complaint showed that they were not parties to the written contract and that therefore they were not proper parties to the action. Thereafter plaintiff made an offer of proof of all of the allegations of said complaint but said offer was rejected by the trial court. Thereupon judgment was entered reciting that "it appearing to the court that said objection on behalf of said defendants was well taken,

the same having been sustained, and no evidence having been introduced . . . now therefore it is ordered, adjudged and decreed that plaintiff take nothing'' as against said defendants. The action against defendant Title Guarantee and Trust Company was temporarily dropped from the calendar upon stipulation of counsel. Plaintiff appeals from the above mentioned judgment in favor of the remaining defendants.

■ Some question is raised in the briefs regarding the nature of this action and the jurisdiction of the superior court in view of the amount involved, to wit, $1631.12. The first count alleged that plaintiff had served notice of rescission and had tendered a quitclaim deed to defendants but that defendants had refused, after demand made by plaintiff, to pay the $1631.12 paid by plaintiff on the contract. The second count of the complaint was one for money had and received by defendants for the use and benefit of plaintiffs in the sum of $1631.12. In view of the prayer of the complaint the substance of which is above set forth, we are of the opinion that said action was one for equitable relief and that the superior court had jurisdiction. (*Stone* v. *Superior Court*, 214 Cal. 272 [4 Pac. (2d) 777, 77 A. L. R. 743] ; *Fair View Farms Co.* v. *Superior Court*, 123 Cal. App. 9 [10 Pac. 1011] ; *Ingalls* v. *Superior Court*, 121 Cal. App. 453 [9 Pac. (2d) 266] ; see, also, *Philpot* v. *Superior Court*, 1 Cal. (2d) 512 [36 Pac. (2d) 635, 95 A. L. R. 990] ; *Jensen* v. *Harry H. Culver & Co.*, 127 Cal. App. (Supp.) 783 [15 Pac. (2d) 907] ; *Taback* v. *Greenberg*, 108 Cal. App. 759 [292 Pac. 279].)

As we view this appeal, the real question involved is whether the complaint was sufficient to state a cause of action against respondents. Appellant's offer of proof was full and complete and if the complaint was sufficient as to respondents, then appellant's contention that the trial court erred in making the rulings above mentioned and in entering judgment in favor of respondents must be sustained.

■ In support of the position taken by the trial court, respondents contend that the provisions of the contract ''prohibit plaintiff from rescinding''. This contention is made upon the authority of *Clancy* v. *Becker-Arbuckle-Wright Corp.*, 137 Cal. App. 43 [29 Pac. (2d) 868], which involved a contract containing a provision identical with the provision in the contract before us. That decision was in

turn based upon *Gridley* v. *Tilson,* 202 Cal. 748 [262 Pac. 322], and other authorities. That the decisions in *Clancy* v. *Becker-Arbuckle-Wright Corp., supra, Gridley* v. *Tilson, supra,* and the authorities cited therein, have all been overruled or modified is apparent from a reading of the recent decision in *Speck* v. *Wylie,* 1 Cal. (2d) 625 [36 Pac. (2d) 618, 95 A. L. R. 760]. We may dismiss respondents' contention with a citation of that authority.

Respondents further contend that "If the action was one for rescission of the contract, then these respondents are not proper parties defendant." A reading of the allegations of the complaint leads us to the conclusion that there is no merit in this contention. Under said allegations, respondents were not mere agents of defendant Title Guarantee and Trust Company, which was the only defendant named in the written contract. It was alleged that defendant Title Guarantee and Trust Company held title to the premises for its own use and the use and benefit of the other defendants, with the exception of Becker-Arbuckle-Wright Corporation, and that "the said premises were sold to plaintiff by said defendants in the name of the said Title Guarantee and Trust Company for its own use and benefit and for the use and benefit of said defendants". As to defendant Becker-Arbuckle-Wright Corporation, it was alleged that at or about the time of the execution of the contract, said defendant "with full notice and knowledge of the said fraudulent representations and inducements made to plaintiff and of her right to rescind said contract on account thereof, acquired an interest in said premises, the said contract Exhibit 'A', and the moneys paid and to be paid by plaintiff thereon". It was further alleged "that the moneys which plaintiff paid for and on account of said contract were applied on the purchase price of the said premises and that said moneys were for the use and benefit of all of the said defendants and that the said defendants had and have a mutual and beneficial interest and a privity of interest in and to the said premises and the said moneys so paid by plaintiff". We need not pass on the question of whether said allegations were subject to attack by special demurrer for uncertainty. No demurrer was interposed and we are of the opinion that said allegations were sufficient to charge all defendants as principals in the vendor and purchaser relationship created by said contract. This being true, respondents

were at least proper if not necessary parties to the action. We find nothing to the contrary in the authorities cited by respondents. *Karst* v. *Seller*, 45 Cal. App. 623 [188 Pac. 298], is cited. That case is not in point, but the language of the decision supports the view expressed herein. It was there said on page 626: "The action in which the order here appealed from was made is on the rescission, and it is contended —we think rightly—that only the parties to such contract, *or those in privity with them,* can be joined." (Italics ours.)

Respondents further contend that appellant was in default at the time she attempted to rescind and that the attempted rescission was therefore ineffectual. They cite and rely upon *Campbell* v. *Title Guarantee & Trust Co.*, 121 Cal. App. 374 [9 Pac. (2d) 264], *Bryan* v. *Baymiller,* 95 Cal. App. 481 [272 Pac. 1106], and *Russell* v. *Penniston,* 55 Cal. App. 492 [203 Pac. 813]. Appellant calls attention to the fact that the alleged rescission here was based upon the ground of fraud and then cites and relies upon the opinion of the Supreme Court in denying hearing in *DeBairos* v. *Barlin,* 46 Cal. App. 665, 674 [190 Pac. 188]. (See, also, *Eade* v. *Reich,* 120 Cal. App. 32 [7 Pac. (2d) 1043]; *Lubarsky* v. *Chavis,* 99 Cal. App. 610 [279 Pac. 205]; *Lombardi* v. *Sinanides,* 71 Cal. App. 272 [235 Pac. 455]; 25 Cal. Jur., p. 716.) We believe that any conflict in the language of the authorities cited is more apparent than real. Here we are dealing with the allegations of the complaint. While these allegations showed a technical default in payment at the time prescribed by the contract, they further showed that respondents had acquiesced in and condoned the making of previous payments under the contract "long after the same were due and payable under the terms thereof". It thus appears from said allegations that despite the default in payment at the time prescribed, said contract remained in force and effect and was enforceable by appellant at the time of the attempted rescission. The language of some of the authorities would seem to indicate that default will never defeat rescission when the right to rescission is based upon the ground of fraud, but we are not required to discuss that question here. Under the circumstances alleged in the complaint, appellant's rights under the contract had not been terminated by the default. The authorities clearly indicate that as long as appellant could enforce the contract despite the default, such default would not

defeat her right of rescission. (*DeBairos* v. *Barlin, supra; Kuehl* v. *Scott*, 66 Wash. 318 [119 Pac. 742] ; Black on Rescission and Cancellation, 2d ed., sec. 553, p. 1365.)

It is also contended by respondents that appellant's action was barred by laches in serving notice of rescission and in commencing this action. Under the allegations of the complaint, it cannot be said as a matter of law that appellant was guilty of laches, and as this appeal must be determined upon the sufficiency of the complaint, respondents' contention may not be sustained.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.