[Civ. No. 947.  Second Appellate District.—June 2, 1911.]

# EDWARD SPAETH, Respondent, v. OCEAN PARK REALTY MINING AND INVESTMENT COMPANY, H. M. TODD, and NELLIE HOLLYWOOD, Appellants.

APPEAL FROM JUDGMENT—DISMISSAL BY CONSENT—AFFIRMANCE.—The effect of the dismissal of an appeal from the judgment by consent is to affirm the judgment.

OPTION TO RESCIND SALE OF MINING STOCK UPON DISSATISFACTION—TERMS OF CONTRACT—REASONABLENESS OF TIME—SUPPORT OF VERDICT.—In an action involving an option to rescind a sale of mining stock, upon dissatisfaction of plaintiff therewith, when the trial proceeded upon the theory that the jury was to determine the terms of the original contract, and the reasonableness of the time within which the rescission was sought, it is held the evidence is sufficient to support the verdict upon both issues.

ID.—CONFLICTING EVIDENCE AS TO TERMS OF CONTRACT.—Although the evidence was conflicting as to the terms of the contract, yet it is held that there is enough in plaintiff's testimony to support a special finding of the jury as to the terms of the contract, and the verdict based thereon; and that the trial court, by denying a new trial, confirmed the verdict of the jury as to the terms of the contract, and that it cannot be said that the verdict upon that issue was without support.

ID.—SUPPORT OF VERDICT AS TO REASONABLENESS OF TIME—QUESTION WHEN FOR COURT—ESTOPPEL OF PARTIES.—Although, when the terms of the agreement do not limit the time within which an option to rescind may be exercised, the law implies that it is to be performed within a reasonable time, and when the facts are undisputed or conceded, the question of reasonableness of time is for the court, yet when the court, at the request of both parties, submitted the question of the reasonableness of time to the jury, neither party is in a position to question the action of the court, or the support of the implied finding that the contract was rescinded within a reasonable time, in the absence of any showing that the delay was unreasonable.

ID.—SPECIAL FACTS SHOWING REASONABLENESS OF TIME.—Where the answer admitted a demand made by plaintiff's attorney for rescission of the stock before suit, and for a return of the money, with an offer to restore the stock, and evidence shows that such demand and offer were authorized by plaintiff, and also that when the stock was sold with the privilege of returning it, when dissatisfied, defendants assured plaintiff that he would never be dissatisfied as the stock would increase in value, and the evidence

further showed that there were three similar sales of stock, upon like conditions, in one of which, shortly before suit, defendant returned the money paid, these facts and circumstances in proof indicate that the parties agreed to an indefinite time, with all rights reserved, in which plaintiff might hold the stock until it should be finally determined whether he would keep it or rescind the same, if there was no promised increase in value; and these facts tend to show a rescission within a reasonable time.

ID.—OBJECTION TO EVIDENCE—INSUFFICIENCY OF COMPLAINT—DEMUR-RER—REVIEW UPON APPEAL FROM ORDER DENYING NEW TRIAL.— An objection to evidence on the ground that the complaint does not state a cause of action is in the nature of a demurrer to the complaint, which cannot be reviewed upon appeal from an order denying a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

W. M. Palmer, and Anderson & Anderson, for Appellants.

L. G. Susemihl, for Respondent.

ALLEN, P. J.—The action was for money. Verdict and judgment in favor of plaintiff. Appeal by defendants from an order denying a new trial.' An appeal from the judgment was heretofore, by consent, dismissed, the effect of which was to affirm the same. The only matter for review then remaining is as to the action of the court in denying the motion for a new trial.

The principal issue involved relates to the terms and conditions of the contract through which plaintiff acquired three thousand shares of mining stock from defendants. The terms of this contract were determined by the jury in their affirmative answer to the following special interrogatory: "Did the defendants, at the time plaintiff purchased the stock, promise the plaintiff to return to him the sums paid by him, viz.: $1,000 and $500, if he at any time thereafter became dissatisfied or wanted his money back?" The contracts were entered into in August, 1907. It is averred in the complaint that demand was made for a return of the money, and at the same time an offer was made to return and surrender

the stock. The answer denied any demand or offer to return
the stock, except a demand made by plaintiff's attorney just
prior to the commencement of the action. Construing this
answer under the rule, it, in effect, admits a demand and
offer to surrender the stock by plaintiff's attorney. Upon
the trial the authority of the attorney in the premises was
shown. The record discloses, from the remarks of the court
and statements of counsel upon both sides, that the trial
proceeded upon the theory that two issues only were to be
determined and both were matters for the jury: First, the
terms of the original contract; and, second, the reasonableness
of time within which the rescission was sought by plaintiff.
As to the first issue, the evidence was conflicting, but there
is enough in plaintiff's testimony to support the answer to
the special interrogatory and the verdict based thereon. It
is true the questions asked the plaintiff were involved and
confusing and the answers indicated that plaintiff lacked
somewhat in intelligence and ability to properly express
himself, yet the jury probably made no mistake in arriving
at their conclusion. This was the opinion evidently of the
trial court, as evidenced by its denial of the motion for a
new trial, and we are not prepared to say that the verdict
is unsupported.

It is urged by appellants that, assuming the contract to
have been as contended by plaintiff and found by the jury,
nevertheless, as a matter of law, the plaintiff was not entitled
to recover, because he did not attempt to rescind within a
reasonable time; and, assuming that the question was one
for the jury, no evidence appears to warrant such implied
finding. It is settled law in this state that "when the terms
of an agreement do not limit the time within which it is
to be performed, the law implies that it is to be performed
immediately, or at least within a reasonable time." We think
it may be said that the current of authority is to the effect
that, when the facts are undisputed, as in the construction
of a written instrument, or applying a rule where the facts
and circumstances surrounding the parties are conceded, it
is for the court to determine as to the reasonableness of
time within which parties may be permitted to insist upon
rights given or reserved. We think, however, under the cir-

cumstances of this case, where the court at the request of both parties instructed the jury to determine the question of reasonableness of time, that neither party is in a position to question the action of the court in submitting such issue to the jury. It appears from plaintiff's testimony that at the time of the purchase and promise to return the money whenever plaintiff at any time became dissatisfied, defendants assured plaintiff that the stock would increase in value and that he never would exercise his right. In addition, it appears that altogether there were three transactions involving the purchase of stock, in one of which, shortly before the suit, upon demand, defendants returned the consideration. From the finding of the court, all of these contracts were similar in their nature, and the payment and recognition of liability in connection with one purchase was a circumstance which the jury might take into consideration as being a construction placed upon the contract by the parties connected therewith. The peculiar character of this contract and the circumstances connected therewith may be said to indicate that the parties understood that plaintiff should be permitted to hold the stock with all rights reserved until some future date, when the condition of the property or of the market would indicate an increase in value. We recognize a difference between a contract to pay on demand, or where no time is fixed, which implies that such demand shall be made within a reasonable time, or within such time as by our code is provided in proper instances, and the contract under consideration through which a future date, indefinite, it is true, was fixed, within which time the plaintiff might determine as to his desire to retain or return the stock; and, in the absence of any showing that the delay was so unreasonable as to render the contract oppressive, or through which an injury resulted to the defendants, the implied finding by the jury that the time was reasonable should not be disturbed. (*Quill* v. *Jacoby* (Cal.), 37 Pac. 524.)

Appellants assign as error the action of the court in overruling their objection to any evidence being received, because no cause of action was stated in the complaint. This objection was in effect a demurrer to the complaint upon that ground, and cannot be reviewed upon an appeal from an

order denying a new trial. (*Moore* v. *Douglas,* 132 Cal. 400, [64 Pac. 705].)

We are not satisfied that prejudicial error is apparent in the record, and the order denying a new trial is affirmed.

James, J., and Shaw, J., concurred.