[Civ. No. 8769. First Appellate District, Division One.—November 21, 1932.]

SAMUEL WHITTAKER, Appellant, v. E. E. McCALLA COMPANY (a Corporation), Respondent.

Garner White for Appellant.

C. E. McDowell for Respondent.

BURROUGHS, J., *pro tem.*—This is an action to rescind a contract for the purchase and sale of real property. ██ When the cause was called for trial on the issues of fact joined by the pleadings, the court, upon the objection of the defendant, refused to allow the plaintiff to introduce any evidence, on the ground that the amended complaint failed to state facts sufficient to constitute a cause of action. Such ruling was equivalent to an order sustaining a general demurrer. (*Moore* v. *Douglas*, 132 Cal. 399 [64 Pac. 705] ; *Spaeth* v. *Ocean Park etc. Inv. Co.*, 16 Cal. App. 329 [116 Pac. 980].) Judgment was thereupon entered that the plaintiff take nothing by his action, and defendant recover its costs. The plaintiff has appealed.

Two questions are presented for consideration. Does the amended complaint state a cause of action, and if so, had the superior court jurisdiction of the action? Among other matters, it is alleged in the amended complaint that on or about January 5, 1928, the defendant agreed to sell, and the plaintiff to buy, a tract of land, being lot 133, tract 10259, book 151, pages 73 to 78, inclusive, map records of Los Angeles County, in accordance with a certain agreement which is attached to the complaint. It is further alleged that said agreement provides: "It is understood and agreed by the buyer and seller that the purchase price of the property described in this agreement for sale of real estate, includes the following improvements: water, gas, electricity, oiled and graveled streets, concrete curb and gutter on outside of streets." It is further alleged: "That none of the aforementioned improvements, except electricity, have been installed on the property described herein pursuant to said contract, or adjacent to the property so that it

may be of use in connection with the property described herein." It is further alleged that before the filing of the complaint, to wit, on or about October 26, 1929, a rescission of the contract was served on the defendant, a copy of the notice of rescission being attached to the said complaint. From this notice appears the breach of the agreement as above pleaded, together with the statement: " . . . please take notice that the undersigned hereby rescinds the contract described herein and offers to give to the E. E. McCalla Company, a corporation, a quitclaim deed, conveying all right, title and interest of the undersigned in and to the property described in the said contract, upon payment of the sum of $528.62 to the undersigned, being all of the money paid to the E. E. McCalla Company, a corporation, on said contract".

It is further alleged that the plaintiff discovered that none of the improvements had been installed on said lot on or about October 15, 1929, and that on October 26, 1929, "plaintiff offered, in writing, to return everything of value to the defendant, upon return of $528.62 to this plaintiff". This is followed by an allegation of full performance of the terms of the contract on the part of the plaintiff, and of the payment of all sums due under the contract, and of an offer to return everything of value to the defendant, including a quitclaim deed, upon payment to him of the sum of $528.62, that being the sum paid to the defendant on the contract. The prayer of the complaint is for a rescission and cancellation of the contract, and a return to plaintiff of the moneys paid under it.

To further epitomize, there is alleged: The contract between the parties; a statement of the conditions to be performed by the defendant; the failure to perform those conditions; the date of the discovery of the breach of said conditions; the date of service of notice of rescission of the contract, together with an offer to return everything of value received by the plaintiff; an allegation that the plaintiff had fully performed his part of the contract; a statement of the amount paid under the contract, followed by a demand for its return.

Respondent seeks to invoke the rule that matters of substance must be alleged in direct terms, and not by way of recital or reference, much less by reference to exhibits at-

tached to pleadings, citing in support of this rule, *Panter* v. *National Surety Co.*, 36 Cal. App. 44 [171 Pac. 803]. There is no doubt that this is a sound rule of pleading, but notwithstanding the complaint under consideration is not a model pleading, its allegations as above set forth are sufficiently clear to be understandable.

It is also contended that the amended complaint is fatally defective because there is nothing therein to show that the real property was part of a subdivision being improved by the defendant, and that the improvements were a part of a general scheme to improve a subdivision sold by the defendant, or that it was an individual lot on which such improvements would be necessarily installed by public authority, and for which the defendant was to pay the cost of installation. We think such a showing is entirely immaterial as a part of the pleading. The facts plead are that, as a part of the consideration, the defendant agreed to install these improvements, and he has failed to do so or to have them installed.

Respondent also contends that it does not appear from the amended complaint that the plaintiff promptly or otherwise rescinded the contract with the defendant upon learning of his right to do so. In answer, so far as time was concerned, it is sufficient to say it is alleged that the discovery of the breach of the contract was made on October 15, 1929, and notice of rescission was given on October 26, 1929. This raised the issue of diligence in rescinding the contract.

It is further claimed that the tender of a quitclaim deed was not equivalent to an offer to return everything of value, as the relation created between the parties by the contract gave plaintiff no interest in the real property, but was merely a contractual right to obtain such an interest. Conceding this to be true, notwithstanding that fact, there can be no question that such a deed would convey all the right of plaintiff to the defendant. In *Peiser* v. *Bradbury*, 138 Cal. 570 [72 Pac. 165], it was held that a deed operated as an assignment of a contract of sale. Furthermore, the last paragraph of the amended complaint reads as follows: "Plaintiff hereby offers to give everything of value to the defendant, including a quitclaim deed conveying all right, title and interest of the plaintiff in and to the property

described in the contract, upon payment of the sum of $528.62 to the plaintiff, being all of the money paid to defendant on the contract,'' which is a sufficient tender. We are of the opinion that this amended complaint states a cause of action.

It is next advanced by the respondent that under the authority of *Taback* v. *Greenberg,* 108 Cal. App. 759 [292 Pac. 279], the judgment should be affirmed because the amount here involved, being less than $2000, the original jurisdiction of the action was in the Municipal Court of the City of Los Angeles, and not in the superior court of that county. The distinction between the cited case and the one at bar is this: In the cited case the action was to recover the sum of $550, the contract which was the basis for the consideration had already been rescinded; in the case at bar, the cause of action alleged is for a rescission of the contract with the recovery of the sum of $528.62 as incidental thereto. Under such circumstances, the relief here sought, the rescission of a contract, falls within the equitable jurisdiction of the superior court.

We are of the opinion that the judgment should be reversed and the cause remanded for trial. It is so ordered.

Cashin, J., and Knight, Acting P. J., concurred.