## WALTERS v. UNITED STATES.
### Civil No. 50–52.

District Court of Guam.
March 13, 1953.

E. R. Crain, Agana, Guam, for the plaintiff.

John P. Raker, U. S. Atty., for the defendant.

SHRIVER, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Jurisdiction of the District Court of Guam is based on that section and 48 U.S.C.A. § 1424(a), Brandt v. United States, 110 F. Supp. 627.

On April 8, 1950 plaintiff was driving his automobile in a westerly direction on Marine Drive in the Territory of Guam. As he approached what is known as "Avenue C" of the Marianas Bonins Command area he attempted to overtake and pass a truck owned by the defendant which was being driven by a member of the armed services on active duty and acting in the course of his employment. As the plaintiff was attempting to pass the truck and at a point opposite Avenue C the truck turned to the left without any indication by signal as to the intention to turn. It struck the plaintiff's vehicle on the right rear side. The truck was not equipped with a rear-view mirror. The primary question is as to whether the plaintiff was guilty of contributory negligence in attempting to pass or overtake the truck at an intersection. This in turn involves the question as to whether Avenue C is a highway within the meaning of the Motor Vehicle Code in effect in Guam on that date.

Marine Drive is a principal arterial highway running roughly in a northeasterly and southwesterly direction. Its width varies but at the point where the accident took place it is a two lane highway. There are many military reservations in Guam and Avenue C is located on one of these reservations. It is in a restricted area by which is meant that it is limited to military traf-

fic and to travel by those members of the general public who have legitimate reasons for traveling thereon. Such highways may carry considerable traffic depending upon the nature of the military installations to which they lead and they are constructed and maintained by the military. It appears that Avenue C was a well-defined highway twenty to twenty-five feet wide and has a blacktop surface. It intersects Marine Drive at right angles but does not cross Marine Drive.

▇ There is no question as to the defendant's negligence. The Motor Vehicle Code enacted by the Guam Congress in 1947, Act No. 4, requires in Sec. 12 that trucks of the kind involved here must have a rearview mirror when the operator cannot look to the rear and Sec. 28(a) required that before making a left turn a signal must be given. By failing to carry a rear-view mirror and by failing to give the required signal defendant was guilty of violating the statute and such violation was the proximate or contributing cause of the accident. Sec. 23(c) of the Act provided that a following vehicle

"Shall not overtake at an intersection unless such intersection is controlled by a traffic signal or unless permitted to do so by a peace officer."

In September, 1949 the Naval Governor of Guam issued an Executive Order, No. 9–49, amending in part the 1947 Vehicle Code and defining "intersection".

"An intersection is the area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways, of two highways which join one another at approximately right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

Plaintiff contends that Avenue C was not a highway but was a private road within the meaning of the Motor Vehicle Code. Before World War II the Civil Regulations with the Force and Effect of Law in Guam, Ch. 29, 1(a) (5) provided that "highway shall include every street, road, lane, alley, path, square and place used by or laid out for the use of vehicles within the Island.

Guam Congress Act No. 4 stated that a highway is "every way or place of whatever nature open to the use of the general public *as a matter of right* for purposes of vehicular travel and the term 'highway' shall not be deemed to include a roadway or driveway upon property owned by a private person." (Emphasis supplied)

A private road or driveway was defined as "every way or road not open to the use of the general public as a matter of right for purposes of vehicular travel." It is noted that the use of the words "as a matter of right" would appear to have had for their purpose the exclusion by definition of those military highways upon which travel by the general public was restricted to those who had legitimate reasons for using such highways. In his Executive Order No. 9–49 the Naval Governor changed such definition to provide Sec. 5S2(m) that a highway is "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular traffic." It defined a private road or driveway, 5S2(s) as a "way or place in private ownership and used for vehicular traffic by the owner and those having express or implied permission from the owner but not other members of the public."

At the time of the accident which is the subject of this action Guam was governed by the Secretary of the Navy, acting through a Naval Governor appointed by the Secretary of the Navy. It would seem therefore that the change in definition had for its purpose the inclusion of military highways within the definition since such highways were publicly maintained and were open to the use of that portion of the general public which had legitimate reasons for using them. This conclusion has additional validity when it is considered that the primary purpose of motor vehicle regulations is to assure the safety of the public and when it is further considered that a large percentage of the population in Guam use such military highways to reach Marine Drive and other main highways.

The Government of Guam was created by the Organic Act of Guam, approved Aug. 1, 1950, 48 U.S.C.A. § 1421, 64 Stat. 384. Shortly before its passage an agreement was entered into between the Department of the Navy and the Department of the Interior with respect to the transfer of responsibility for the administration of Guam. Article 2 of such agreement is headed: "Public Highways". Sec. (a) described certain main arterial highways, including portions of Marine Drive, provided for the maintenance of such highways by the military and provided for a contribution by the Government of Guam toward the maintenance of such highways. Sec. (b) provided that military guards may be posted at the limits of military reservations to control and screen traffic. Sec. (d) provided that all roads within military areas which are leased or acquired in fee, excluding those highways mentioned in paragraph (a) shall be under the jurisdiction of the military activity concerned and that civilian use of these interior reservation service roads shall be subject to regulation by the responsible military activity. Sec. (e) then provided that all other public highways, streets, roads and trails not mentioned in any of the above paragraphs shall be the responsibility of the Government of Guam.

█ It is concluded that military highways which intersect Marine Drive and similar highways are public highways and are within the meaning of intersection as defined supra.

█ Sec. 1714 of the Civil Code of Guam provides:

"Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care brought the injury upon himself. The extent of liability in such cases is defined by the title on compensatory relief."

This section was adopted from the California Civil Code bearing the same number. In the absence of local precedents such section may be constructed in the light of California decisions, United States v. Johnson, 9 Cir., 181 F.2d 577.

3 Cal.Jur. 71 states in part:

"The law of California does not recognize degrees of negligence, at least in case of personal injuries arising from the operation of vehicles. Any want on the part of the plaintiff of the care which is appropriate to the circumstances is negligence, and under the provisions of Sec. 1741 of the Civil Code, will prevent a recovery if it be one of the proximate causes of the injury. The negligence of the parties cannot be compared."

3 Cal.Jur. 70 states in part:

"One who operates an automobile in a manner which violates an express provision of a statute is guilty of negligence.

"And it is a general rule that a plaintiff's violation of an ordinance which directly contributes to his injury caused by another bars his recovery."

█ In view of the fact that the accident in the instant case was proximately caused by the defendant in not having a rear-view mirror and in failing to indicate the intention to make a left-hand turn at an intersection, and the negligence of the plaintiff in overtaking such vehicle at an intersection, it must be held that the plaintiff was guilty of contributory negligence.

The United States Attorney shall prepare findings of fact, conclusions of law and judgment, and settle with counsel for the plaintiff within fifteen days from the date hereof.