Ignacio **ATOIGUE GOGO**, Appellant,

v.

Antonio **CRUZ ADA**, Appellee.

Civ. No. 5-A.

District Court of Guam, Appellate Division.

Jan. 31, 1955.

Palting & Arriola, Agana, Guam, for appellant.

V. C. Reyes, Agana, Guam, for appellee.

Before SHRIVER, Presiding Judge, and McLAUGHLIN and WIIG, Judges.

SHRIVER, Presiding Judge.

This is an appeal from the Island Court in which that court ordered, adjudged and decreed specific performance of an alleged agreement to sell and convey a portion of Lot No. 3215, Sinajana, Guam, for a consideration of $500. As a basis for its decree the court found that the appellant and the appellee entered into an oral agreement in 1946 for the purchase and sale of the land for $500 and free electric light service by the appellee; that at that time the title to the land was in an estate, but such title was to be deeded by the administratrix to appellant's father, who had agreed to convey it to appellant; that in reliance upon the oral agreement, the appellee built a house valued at $5,000 on the land and otherwise complied with the agreement but that when the appellant obtained title to the land he refused to deed it to appellee. The court found that there was a sufficient partial performance on the part of the appellee to take the agreement out of the statute of frauds.

The findings of the Island Court are not, however, supported by the evidence. No contract existed. In addition to the transcript and record we have a report on a conference and stipulations entered into between the parties pursuant to Rule 9 of the Appellate Rules of the District Court.[1] An analysis of the testimony and admissions, construed in the appellee's favor, shows the following: The appellee was required to give up his home in the city of Agana in 1946 and he contacted the appellant and asked if he could build a house on appellant's land. The appellant informed him that the land belonged to appellant's father, who gave permission to build the house. There was at that time no discussion of the sale of the land or purchase price. The parties simply agreed where the house should be built. The appellee built his house and afterward approached the appellant's father to purchase the land but was informed that as there were no taxes being levied it was not necessary to sell. The appellant did not obtain title to the land until December 1953. The appellee furnished certain power and light without charge to the appellant. The appellee offered to pay $500 for the land and subsequently had a deed prepared, but there is no evidence that the appellee ever accepted payment, and the money was paid into court. Apparently Chief Judge Manibusan of the Island Court attempted to get the interested parties to agree upon a settlement, but this did not succeed. The appellant's father urged the appellant to transfer the land for the consideration offered in order to keep faith with the appellee.

There is no question of fraud or misrepresentation here. The appellee knowingly built a house on land not owned by the appellant in the expectation that the appellant would eventually own the land and would be amenable to its sale. No price was mentioned until after the house was built (Tr. p. 16), nor was any survey made of the land involved and such land was only a portion of the lot. At one time in 1947 the appellee paid rent for the land to the appellant because occupants of another portion of the lot were paying rent (Tr. p. 15).

In these circumstances was the Island Court warranted in ordering specific performance of the alleged agreement to sell the land? Under Section 1624[2] of

1. "Rule 9. Oral Arguments. When a quorum is available to hear oral arguments on appeal the clerk of the court will advise counsel as to the time and place for such arguments. However, the parties may agree that oral argument may be waived and that a determination of the appeal may be made on the record and briefs without the necessity for the presence of the additional judge or judges in Guam. In that event the judge of the District Court, on appeals from the Island Court, shall have the right to call counsel for the parties into conference for the purpose of clarifying points at issue. He shall append his report of such conference to the record."

2. "§ 1624. What contracts must be written. The following contracts are invalid,

the Civil Code of Guam an agreement for the sale of real property is invalid unless the contract is in writing and subscribed by the person to be charged or his agent. Under Section 1971[3] of the Code of Civil Procedure of Guam, conveyance of real property must be executed by the grantor or his agent, but under Section 1972[4] is not to be construed:

"to abridge the power of any court to compel the specific performance of an agreement, in case of part performance thereof."

These provisions were taken from the California Codes and may be construed in the light of California decisions, United States v. Johnson, 9 Cir., 181 F.2d 577. Before the appellee is entitled to specific performance of the contract under the doctrine of partial performance, the acts of part performance, in order to be effective to remove an oral agreement from the operation of the statute of frauds, must be referable to and induced by the contract relied upon and must have been done with a view to its complete performance, 49 Am.Jur. 428. And acts performed before the making of the oral contract sought to be enforced or which are merely preliminary, preparatory or ancillary to the contract sought to be enforced are not sufficient as part performance. Thus, expenditures incurred prior to the making of the agreement and in contemplation of the subsequent purchase of the property or improvements made or labor performed anterior to the date of the parol agreement do not constitute a part performance thereof, 49 Am.Jur. 431.

unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent:

"1. An agreement that by its terms is not to be performed within a year from the making thereof;

"2. A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2794;

"3. An agreement made upon consideration of marriage other than a mutual promise to marry;

"4. An agreement for the sale of goods, chattels, or things in action, at a price in excess of $200, unless the buyer accepts or receives part of such goods and chattels or the evidences, or some of them, of such things in action, or pays at the time some part of the purchase money; but when a sale is made at auction, an entry by the auctioneer in his sale book, at the time of the sale, of the kind of property sold, the terms of sale, the price, and the names of the purchaser and person on whose account the sale is made, is a sufficient memorandum;

"5. An agreement for the leasing for a longer period than 1 year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged;

"6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission;

"7. An agreement which by its terms is not to be performed during the lifetime of the promisor, or an agreement to devise or bequeath any property, or to make any provision for any person by will."

3. "§ 1971. Transfer of real property to be in writing. No estate or interest in real property, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing."

4. "§ 1972. Last section not to extend to certain cases. The preceding section must not be construed to affect the power of a testator in the disposition of his real property by a last will and testament, nor to prevent any trust from arising or being extinguished by implication or operation of law, nor to abridge the power of any court to compel the specific performance of an agreement, in case of part performance thereof."

California decisions follow these principles. In Forbes v. City of Los Angeles, 101 Cal.App. 781, 282 P. 528, 531, the court stated:

"Attention has not been called to any decision in this state holding that an oral contract for the sale of real property can be specifically enforced, in the absence of a part performance thereof. As shown by the terms of section 1741, the part performance relied on must be part performance of the contract sought to be enforced. As stated in Knoff v. Grace, 68 Colo. 527, 190 P. 526, 528, 10 A.L.R. 1492: 'Part performance must be part performance; i. e., it must be the performance of something required by the contract. * * * Doing of something because of the contract or in reliance on it is not enough.' The acts of part performance must be referable alone to the contract."

We note that the defense of the statute of frauds was not specifically raised in the appellant's answer, but since it is clear that it was raised and argued on his demurrer to the complaint and no question of waiver is presented or argued in this appeal, we do not consider the question, 49 Am.Jur. 601, et seq. Nor do we consider other errors assigned by appellee.

Undoubtedly, in arriving at his conclusions, the Island Court judge took into consideration the fact that in 1946 Guam was beginning to emerge from almost total destruction of housing, the much cheaper value of land than in 1953, the informality of Guam business customs, especially when friends or family were involved, and other purely local factors. But these are insufficient for courts to establish a precedent at variance with established law. The judgment and decree of the Island Court are reversed with instructions to deny the decree of specific performance.