**Thomas TABOR and Agnes F. Tabor, Appellants,**

v.

**Teresa C. ULLOA, Appellee.**

**No. 18547.**

United States Court of Appeals
Ninth Circuit.

Oct. 16, 1963.

Turner, Barrett & Ferenz, Howard G. Trapp, and Walter Ferenz, Agana, Guam, for appellants.

Ramon V. Diaz, Agana, Guam, for appellee.

Before ORR, CHAMBERS and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

The question presented is whether the District Court of Guam has jurisdiction of a partition action irrespective of the value of the property involved.

Guam has two courts of record, the District Court of Guam [1] and the Island Court.[2] The District Court is a court of general jurisdiction; the Island Court a court of limited jurisdiction. Jurisdiction not specifically transferred to the Island Court remains in the District Court. Thus, Section 62 of the Guam Code of Civil Procedure provides that the original jurisdiction of the District Court shall include "all other causes in Guam *except* those over which original jurisdiction has been transferred to and vested in the Island Court by Section 82 of this title." (Emphasis added.)

Subsection 4 of Section 82, pertinent here, provides that the Island Court "shall have original jurisdiction exclusive of the District Court: * * * 4. In all cases *at law* under the laws of Guam in which * * * the value of

---

1. Created by § 22(a) of the Organic Act of Guam, 48 U.S.C.A. § 1424(a).

2. Created by § 81 of the Guam Code of Civil Procedure.

the property in controversy does not amount to more than $2,000 * * *." (Emphasis added.)

Appellants' complaint, filed in the District Court, prayed for partition of real property without alleging its value. The District Court held that Section 82(4) vests exclusive jurisdiction of all cases involving no more than two thousand dollars in the Island Court, and dismissed the action. Appellants assert that Section 82(4) vests jurisdiction in the Island Court only over actions "at law," as distinguished from equity, and that under Section 62 jurisdiction over partition proceedings therefore remained in the District Court without regard to the value of the property involved. We think appellants are right.

■ The construction of Section 82 (4) adopted by the District Court would appear to render the words "at law" functionless, and "a legislature is presumed to have used no superfluous words." Platt v. Union Pacific R. Co., 9 Otto 48, 58, 99 U.S. 48, 58, 25 L.Ed. 424 (1878).[3]

Moreover, we think there are substantial grounds for concluding that the jurisdictional line in Section 82(4) was deliberately drawn to rest in part on the distinction between equitable actions and actions at law.

Subsection 4 of Section 82, as we have seen, vests jurisdiction in the Island Court over all cases "at law" involving two thousand dollars or less.[4] The next six subsections of Section 82 vest jurisdiction in the Island Court over specified categories of cases which are principally, if not wholly, equitable in nature. These six subsections would be largely surplusage if Subsection 4 were read as conferring jurisdiction over both legal and equitable actions. Subsection 10, for example, confers jurisdiction "[i]n all cases in equity to try title to personal property when the amount involved is not more than $2,000 * * *."

■ Reading Section 62 and Section 82 together, it seems reasonably clear that jurisdiction over actions at law is allocated between the District Court and the Island Court on the basis of the amount involved, and jurisdiction over equitable actions by specifically designating those which are to be within the jurisdiction of the Island Court. Thus, jurisdiction over actions at law involving two thousand dollars or less is vested in the Island Court; jurisdiction over actions at law involving more than two thousand dollars in the District Court. Jurisdiction over those equitable actions which are specified in Section 82 is vested in the Island Court; jurisdiction over all other equitable actions is vested in the District Court.

Since a suit for partition is an equitable proceeding,[5] and since it is not

---

3. See also Pacific Gas & Elec. Co. v. Securities & Exchange Comm., 127 F.2d 378, 382 (9th Cir., 1942).

4. " * * * except cases which involve the legality of any tax, impost, assessment, toll or fine * * *."

5. We find no Guam decision in point. However, Sections 752–794, 796 and 798 of the Guam Code of Civil Procedure relating to actions for partition are essentially the same as Sections 752–794, 796 and 798 of the California Code of Civil Procedure, from which they were apparently copied. Cf. United States v. Johnson, 181 F.2d 577, 580 n. 3 (9th Cir., 1950); Atoigue Gogo v. Cruz Ada, 128 F. Supp. 92, 94 (D.C.Guam 1955); Walters v. United States, 110 F.Supp. 631, 633 (D.C.Guam 1953). Note the omission from both codes of sections numbered 795 and 797, which had been repealed by the California Legislature prior to 1933. It is to be "inferred that such codified rules * * * were intended to have the same significance and scope as they had been given by the Supreme Court" of California when they were adopted by the Government of Guam in December 1933. United States v. Johnson, 181 F.2d 577, 580 (9th Cir., 1950). Decisions of the California court subsequent to the adoption of the Code by Guam are not binding, but are persuasive of the construction to be given provisions in the Code of Guam borrowed from the California Code. See Jones & Guerrero Co. v. Smith, 292 F.2d 815, 818 (9th Cir. 1961); American Pac. Dairy Prods., Inc. v. Siciliano, 235 F.2d 75, 84 n. 23 (9th

among those equitable actions specifically designated in Section 82 as within the jurisdiction of the Island Court, it falls within the jurisdiction of the District Court by the express terms of Section 62.

Similar provisions of California law,[6] allocating jurisdiction between the superior courts and municipal courts of that State, have been interpreted as vesting in the superior court's jurisdiction over equitable proceedings other than those expressly stated to be within the jurisdiction of the municipal courts, without regard to the amount in controversy.[7] It has been held, specifically, that "[i]t is elementary that superior courts have general jurisdiction to try partition cases * * *." Mears v. Jeffry, 80 Cal.App.2d 610, 182 P.2d 294, 297 (Dist.Ct.App.1947).[8]

Reversed and remanded.

Cir., 1956); Sauget v. Villagomez, 228 F. 2d 374, 376 (9th Cir., 1955). The California Supreme Court held both before and after 1933 that actions for partition are essentially equitable in nature. Elbert, Ltd. v. Clare, 40 Cal.2d 498, 254 P.2d 20, 22 (1953); East Shore Co. v. Richmond Belt Ry., 172 Cal. 174, 155 P. 999, 1000 (1916); Emeric v. Alvarado, 90 Cal. 444, 27 P. 356, 360 (1891) ("But a suit in partition under our Code is, in its nature and essence, equitable"). See 2 Witkin, Summary of California Law (7th ed.) 971.

6. Art. VI, § 5 of the Constitution of the State of California provides, in part: "The superior courts shall have original jurisdiction in all civil cases and proceedings * * * *except* * * * cases and proceedings in which jurisdiction is * * * given by law to municipal * * * or other inferior courts * * *." (Emphasis added.) See Calif.Stats.1933, ch. 743, § 8, at p. 1808.

Calif.Stats.1933, ch. 743, § 89, at p. 1811 provides, in part: "1. Municipal courts shall have original jurisdiction * * * (a) In all cases *at law* in which * * * the value of the property in controversy, amounts to two thousand dollars or less * * *." (Emphasis added.)

7. See, e.g., Harry H. Culver & Co. v. Superior Court, 129 Cal.App. 589, 19 P.2d 43 (Dist.Ct.App.1933); Whittaker v. E. E. McCalla Co., 127 Cal.App. 583, 16 P.2d 282, 284 (Dist.Ct.App.1932); Freligh v. McGrew, 124 Cal.App. 405, 12 P.2d 965, 967 (Dist.Ct.App.1932); Fair View Farms Co. v. Superior Court, 123 Cal.

App. 9, 10 P.2d 1011 (Dist.Ct.App.1932); Ingalls v. Superior Court, 121 Cal.App. 453, 9 P.2d 266 (Dist.Ct.App.1932); Taback v. Greenberg, 108 Cal.App. 759, 292 P. 279 (Dist.Ct.App.1930). See 3 Cal. Jur.2d Appeal and Error § 34; 13 Cal. Jur.2d Courts § 65. See generally The Origin and Jurisdiction of the Municipal Courts in California, 21 Cal.L.Rev. 117, 125 (1932–1933).

In Cook v. Winklefleck, 16 Cal.App.2d (Supp.) 759, 59 P.2d 463, 466 (Super. Ct.1936), quoted in St. James Church of Christ Holiness v. Superior Court, 135 Cal.App.2d 352, 287 P.2d 387, 390 (Dist. Ct.App.1955), the court said: "The distinction between actions at law and suits in equity is largely one of the remedy, and yet it has often been used as a convenient reference line for separating the jurisdiction of one court from that of another. The original Municipal Court Act (St.1925, p. 658, § 29, amended by St. 1929, p. 838, § 2) used that line almost entirely for marking out the jurisdiction of municipal courts, confining them, in the main, to actions at law; and this use of it has been preserved, although with an increasing number of exceptions, in subsequent statutes, including section 89 of the Code of Civil Procedure which now regulates the matter."

Until 1924 the distinction between law and equity was utilized in provisions of the California Constitution delimiting the jurisdiction of district and superior courts. Calif.Const. art. VI, § 6.

8. 37 Cal.Jur.2d Partition § 14.