**Dwight LOOK, Plaintiff-Appellant,**

v.

**GOVERNMENT OF GUAM et al.,
Defendants-Appellees.**

**No. 73–2220.**

United States Court of Appeals,
Ninth Circuit.

May 16, 1974.

W. Scott Barrett (argued), of Barrett, Ferenz, Bramhall & Klemm, Agana, Guam, for plaintiff-appellant.

Charles D. Rogers, Asst. Atty. Gen., Agana, Guam (argued), for appellee Government of Guam.

Howard G. Trapp, Agana, Guam (argued), for appellee Ramirez.

Finton J. Phelan (argued), in pro. per., as Appellee.

Before DUNIWAY and CHOY, Circuit Judges, and KING,\* District Judge.

OPINION

DUNIWAY, Circuit Judge:

This is the second time that we have been called upon to decide whether the District Court of Guam or the Island Court of Guam has exclusive jurisdiction over an equitable action affecting the title to real property. In Tabor v. Ulloa, 9 Cir., 1963, 323 F.2d 823, we held that the District Court, not the Island Court, has jurisdiction of an action to partition real property. We did so on the ground that the statutes of

\* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

Guam conferred jurisdiction on the Island Court, a court of limited jurisdiction, over actions at law involving $2,000.00 or less (Guam Code of Civil Procedure § 82, subsection 4), and over certain equitable actions (*id.*, subsections 5, 6, 7, 8, 9, 10), but not including equitable actions dealing with real property, such as actions to partition. Therefore, we concluded jurisdiction over such an action remained in the District Court, a court of general jurisdiction, under Guam Code of Civil Procedure § 62. The provisions of the Code of Civil Procedure which we there construed have not been changed in any material respect.[1] It would seem then, that Tabor v. Ulloa, *supra,* is squarely in point. An action to quiet title is just as much an equitable action as an action to partition. Castro v. Barry, 1889, 79 Cal. 443, 21 P. 946; Hollyfield v. Geibel, 1937, 20 Cal.App.2d 142, 66 P.2d 755.

Nevertheless, in the case at bar the district judge held that the Island Court of Guam had jurisdiction and ordered the case transferred to that court pursuant to Guam Code of Civil Procedure § 62.[2] It did so in reliance upon a Guam statute, Guam Civil Code § 1157.16, which was in effect when we decided Tabor v. Ulloa, but which, apparently, was never brought to our attention in that case. We therefore reexamine the question in the light of that statute.

■ The Organic Act of Guam, 48 U.S.C. § 1424, creates the District Court of Guam, and confers upon it a dual jurisdiction—that of a district court of the United States, and that of a local court for Guam. In that capacity, it "shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it. . . . The jurisdiction of and the procedure in the courts

of Guam other than the District Court of Guam shall be prescribed by the laws of Guam." (§ 1424(a)). Guam Code of Civil Procedure § 82 provides:

The Island Court shall have original jurisdiction exclusive of the District Court:

\*   \*   \*   \*   \*   \*

12. In all other cases in which jurisdiction is expressly conferred upon the Island Court by law.

It seems clear that under the Organic Act and § 82, any Act that confers jurisdiction of a local type of action upon the Island Court suffices; it need not be done by amending § 82. Thus, if Guam Civil Code § 1157.16 does confer jurisdiction upon the Island Court in this case, the decision of the district court is correct, anything that we said in Tabor v. Ulloa, *supra,* to the contrary notwithstanding. To that question we now turn.

■ Since at least August 9, 1951, there has been in effect in Guam a Torrens type of Land Title Registration Act, copied from that of California. It was embodied in the Guam Civil Code, when that code was adopted in 1953, as §§ 1157–1157.107. It provided, in § 1157.4, for bringing land under its operation by petition to the District Court. The District Court was also specifically referred to in §§ 1157.16, 1157.32, 1157.-45, 1157.96 and 1157.107, dealing with various actions relating to land titles and to an action against the Title Assurance Fund created by § 1157.107. These references were, in a sense, surplusage, because the District Court is the court of general jurisdiction in Guam, and would still have had jurisdiction if not specifically mentioned, unless jurisdiction were expressly conferred on the Island Court.

■ We are informed, however, that from the beginning the then District

---

1. Section 82, subsection 4, now confers jurisdiction on the Island Court over actions at law involving not more than $5,000.00.

2. "If it appears that an action or proceeding brought in the District Court is actually

within the jurisdiction of the Island Court, the District Court shall transfer it to the Island Court for hearing and determination."

Judge took the position that actions under the Land Title Registration Act were local in nature, and declined to take jurisdiction of them. The question was not brought to our court. Apparently, the local bar acquiesced in the views of the District Judge and took their cases to the Island Court, which adjudicated them, and the Registrar of Titles accepted these judgments.

Because of doubts, however, the Guam Legislature, in 1954 adopted Guam Public Law 61, the Title of which reads as follows:

### AN ACT

To amend Sections 1157.4, 1157.16, 1157.32, 1157.45, 1157.96 and 1157.107 of the Civil Code of Guam to provide that jurisdiction of matters pertaining to land registration shall be in the Island Court, and to add Section 1157.-108 confirming such jurisdiction.

The desired purpose was accomplished by substituting "Island Court of Guam" or "Island Court" for "District Court" wherever the latter words appeared in the Act. In addition, the amending statute added § 1157.108, which reads:

Sec. 1157.108. Jurisdiction of Island Court confirmed: Validity of prior decrees. The jurisdiction of the Island Court to issue decrees ordering the registration of land titles from and after August 9, 1951 is hereby confirmed, any other provision of law to the contrary notwithstanding; and all such decrees issued by the Island Court from and after said date are hereby declared to be valid insofar as the jurisdiction of the Island Court to hear and determine such matters is concerned.

One of the sections that was amended is § 1157.16. Before the amendment, it read:

§ 1157.16. *Decree in proceedings to establish title, partition land, or administer upon estate.* Whenever any proceedings are hereafter commenced in the District Court by any person or persons either for themselves or in a representative capacity, wherein it is sought to quiet, establish title to, partition land, or to administer upon any estate of a deceased person where the estate consists in whole or in part of land, any decree rendered in any such proceeding quieting or establishing the title to any land or partitioning or distributing land may order such land registered, under this act and when, in the application for notice, in such proceeding, the facts required to be set forth by Sections 1157.4 and 1157.-5 of this code are alleged. [P.L. 1–17 enacted 1953]

In form, this is certainly not a statute conferring jurisdiction, nor was it such a statute in fact. As we have seen, the District Court had jurisdiction anyway. All that the 1954 amendment did was to substitute for the words "District Court" the words "Island Court." It is this change that is relied upon as transferring jurisdiction of the case at bar from the District Court to the Island Court. Some plausibility is lent to this view by the Title of the Act, and by similar amendments to §§ 1157.4, 1157.-32 and 1157.107, which create special causes of action and designate the court in which they are to be brought. However, § 1157.16 is not that type of statute; it specifies the effect to be given to certain types of decrees. It does not create causes of action. In short, we doubt that the amendment transferred jurisdiction.

Our doubt is strengthened by what we learned at oral argument from counsel, who have practiced in Guam for many years. They know of no action to quiet title that has been maintained in the Island Court, before or since the adoption of the amendment. The same is true of actions to partition. Thus, as a practical matter, the bar and the courts of Guam, until the case at bar, have apparently been of the view that jurisdiction of such actions remains in the District Court, a view no doubt strengthened by our decision in Tabor v. Ulloa, *supra*. On the other hand, we are also told that actions to quiet title are

702

seldom filed in Guam. Nevertheless, it does appear that for twenty years such actions as there have been were brought and prosecuted to judgment in the District Court. A decision by this court, at this late date, that the District Court did not have jurisdiction since 1954 could cast doubt on the validity of an unknown number of titles that rest on decrees of the kinds mentioned in § 1157.16. This we are unwilling to do.

The remedy, of course, is in the hands of the Guam Legislature, and we are informed that, under a new law, the entire local, i. e., non-federal, jurisdiction of the District Court will be transferred to the local courts effective July 1, 1974. Thus our decision will have little effect in futuro, but will protect titles resting upon existing decrees of the District Court.

The order appealed from is reversed.