Gregorio C. SANCHEZ and Joe T. San Agustin, Plaintiffs,

v.

SUPREME COURT OF GUAM et al., Defendants.

No. CIV–75–049.

District Court of Guam.

Aug. 7, 1975.

Joaquin C. Arriola, Arriola & Cushnie, Agana, Guam, for plaintiffs.

David T. Wood, Asst. Atty. Gen., Agana, Guam, for defendants.

## DECISION

CURTIS, District Judge.[*]

The plaintiffs have been indicted and are now named in criminal cases presently pending in the Superior Court. Their indictments are two of several brought about through the efforts of the special prosecutor appointed under the Independent Special Prosecutor Act of 1974, Guam Public Law 12–173. Certain of these indicted defendants have challenged the authority of the special prosecutor, and the Superior Court, as mandated by section 16 of the Act, took no action on the merits of the motion, but immediately certified the issue to the Guam Supreme Court for a decision.

The plaintiffs in this action seek to restrain the Supreme Court of Guam from acting further on their cases upon the ground that the Court Reorganization Act, P.L. 12–85, insofar as it purports to create the Supreme Court of Guam, conflicts with the Organic Act and is therefore null and void. *Agana Bay Development Co. v. Supreme Court of Guam*, CV 74–177 (D.Guam 1974), *appeal pending*, No. 75–1059.

The question before this court, therefore, is can and should this court restrain by writ or injunction the Supreme Court of Guam from considering and deciding the sole issue of the authority of the special prosecutor.

[*] Central District of California, sitting by designation.

■ Judge Duenas, in his carefully written *Agana Bay* opinion, has traced the legislative history of the Guam Organic Act, compared it with organic acts relating to other territories, and concluded that although the Guam Legislature has the power to determine from which of the decisions of the territorial court a right of appeal exists, any appeal which is allowed must lie with the District Court of Guam and from there to the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States. The Legislature's attempt, therefore, to create a Supreme Court of Guam to which all appeals were to be directed, being inconsistent with the appellate scheme set forth in the Organic Act, was null and void.

■ The Organic Act is also clear in providing that the Guam Legislature has the power to create courts of original jurisdiction and establish such procedures for those courts as it deems desirable. *Look v. Government of Guam*, 497 F.2d 699, 700 (9th Cir. 1974).

Public Law 12–173 establishes the position of special prosecutor and sets forth therein his powers and duties. Section 16 thereof provides for a special expedited procedure for handling any objection which might be raised to his authority. The Act contemplates that those objections be raised by a motion to dismiss the indictment, and further provides that any such motion challenging the authority of the special prosecutor shall be immediately certified by the Superior Court to the Supreme Court of Guam for decision from which no further appeal would lie.

Although section 16 is entitled "Expedited *Review* Procedure", the plan which it outlines is not in fact a *review* for it does not contemplate any decision which can be the subject of such review. The effect of this section is to confer upon the Supreme Court of Guam original jurisdiction for the sole purpose of hearing the objection to the authority of the special prosecutor.

■ Under the *Agana Bay* decision the Supreme Court is a nullity in the traditional sense for it cannot exercise the appellate function which normally constitutes the primary role for such a court. Under the Organic Act and the case law, however, there seems to be no reason why that court cannot perform the limited, non-appellate, function assigned it by the Legislature under section 16 of the Act. The fact that the Special Prosecutor's Act inappropriately refers to the court as the Supreme Court is merely a matter of form. In substance it is a three-judge body exercising original jurisdiction over a limited question presented to it by the Legislature. For this very limited purpose there is no authority to restrain its jurisdiction.

This holding is not inconsistent with the authority in the *Agana Bay* case. Judge Duenas made it clear that the principal thrust of his decision was to strike from the Court Reorganization Act those sections "which divest in any way the appellate jurisdiction in this [district] court. . . ."

I therefore hold that the Supreme Court of Guam may exercise that original jurisdiction accorded to it by the Legislature in hearing and determining the challenge to the special prosecutor.

The alternative writ of prohibition is hereby dissolved and this action dismissed.