[Sac. 727.    Department One.— April 5, 1901.]

ROBERT E. MOORE, Respondent, v. JAMES A. DOUGLAS, Appellant.

APPEAL — REVIEW — SUPPORT OF JUDGMENT — ORDER DENYING NEW TRIAL. — An appeal from the judgment, not taken in time, cannot be considered; and upon an appeal from an order denying a new trial, the questions whether the judgment is supported by the complaint or by the findings, or whether the findings are contradictory and inconsistent with the pleadings, cannot be reviewed.

ID. — EVIDENCE — OBJECTION TO COMPLAINT. — An objection to evidence, based upon the ground that the complaint states no cause of action, is, in effect, only a demurrer to the complaint, which cannot be reviewed on appeal from an order denying a new trial.

ID. — VARIANCE — REFUSAL TO STRIKE OUT EVIDENCE — PREJUDICE NOT SHOWN. — An objection to testimony, on the ground of variance, could not be determined until the evidence was received. No material error was committed in refusing to strike it out on that ground, where the appellant does not show that he was misled by the ruling, to his prejudice.

ID. — REVIEW OF EVIDENCE — SUBSTANTIAL CONFLICT. — Where there is a substantial conflict in the evidence, the findings cannot be disturbed for insufficiency of the evidence to support them.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. W. H. Grant, Judge.

The facts are stated in the opinion of the court.

Bush & Ish, and Byron Ball, for Appellant.

N. A. Hawkins, for Respondent.

VAN DYKE, J.—This action is, in a measure, a companion of *Wolfskill* v. *Douglas, ante,* p. 397, and much of the testimony taken was used in both actions.

The appeal is from the judgment in favor of the plaintiff, and also from an order denying defendant's motion for a new trial. The judgment was rendered July 19, 1895, and the order denying a new trial, July 6, 1899; the notice of appeal was·filed July 17, 1899.

The appeal from the judgment, not having been taken in time, cannot be considered; and the appellant's contention that the complaint fails to state a cause of action, and that the demurrer to the same should have been sustained, also that the judgment is not supported by the findings, and that the findings are contradictory and inconsistent with the pleadings, cannot therefore be considered, there being no appeal from the judgment. (*Brison* v. *Brison,* 90 Cal. 323; *Pacific Mut. Life Ins. Co.* v. *Fisher,* 109 Cal. 566; *Hall* v. *Susskind,* 120 Cal. 559; *Jenkins* v. *Frink,* 30. Cal. 586;[1] *Roberts* v. *Eldred,* 73 Cal. 394.)

On the appeal from the order denying a new trial it is contended by the appellant that the court erred in overruling his objection to certain testimony and ,denying his motion to strike out the same after being admitted. The objection to the testimony was placed upon the ground that the complaint states no cause of action, and that there is a variance between the proof offered and the pleading, and the motion to strike out the testimony was based upon similar grounds. The objection to the evidence upon the ground that the complaint states no cause of action was only, in effect, a demurrer to the complaint upon that ground, and, as we have seen, cannot be reviewed upon an appeal from an order denying a new trial. Whether there was a variance between the allegations of the complaint and the evidence offered, could not be determined until after the evidence had been received, and as the defendant does not make it appear that he was in

[1] 89 Am. Dec. 134.

any respect misled to his prejudice thereby, no material error was committed in refusing to strike it out. (Code Civ. Proc., sec. 469.)

In reference to appellant's contention that the evidence does not support the findings, the most that can be said in his favor is, that there is a substantial conflict in the evi-ence, and hence, under the general rule, the findings must be allowed to stand.

The order denying a new trial is affirmed.

Garoutte, J., and Harrison, J., concurred.