[Sac. No. 1162.   Department One.—September 16, 1905.]

## W. A. VESTAL, Respondent, v. CHARLES YOUNG et al., Appellants.

INJUNCTION—CHANGE OF EASEMENT—DITCH UPON PLAINTIFF'S LAND—
VALUE OF LAND IMMATERIAL.—In an action to enjoin a change of an easement for a flume upon public land by the construction of a ditch elsewhere upon plaintiff's land after he had acquired a patent thereto, it is immaterial whether it was or was not shown that there was any appreciable value to the land appropriated for the ditch. The fact that plaintiff's land has no great value cannot justify an invasion thereof by one who has no legal right, and injunction will lie to prevent the acquiring of a new easement by prescription.

ID.—EVIDENCE—CONSTRUCTION OF DITCH ON ADJOINING LAND.—Evidence is not admissible in such action to show what the defendants had done in the construction of their ditch upon other land adjoining that of the plaintiff.

ID.—HARMLESS ADMISSION OF EVIDENCE.—Alleged errors in the admission of evidence will not be reviewed where the evidence is of such a nature that, if it be assumed that there was error in each ruling assigned, the conclusion of the court upon the material issues could not be affected thereby.

CXLVII. Cal.—46

APPEAL from an order of the Superior Court of Lassen County denying a new trial. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. W. Boardman, for Appellants.

N. J. Barry, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants from an order denying their motion for a new trial in the same action in which the judgment has been this day affirmed. (*Vestal* v. *Young, ante,* p. 715 [82 Pac. 381].)

Several of the points made upon this appeal,—viz., (1) the motion to dismiss the action made before the trial should have been granted; (2) the demurrer to the amended complaint should have been sustained; (3) the findings of the court are without the issues made by the pleadings, and (4) the findings do not support the judgment,—were available only on the appeal from the judgment, and cannot be considered on the appeal from the order denying a new trial. They were in fact considered and disposed of on the appeal from the judgment.

1. It is contended that the evidence was insufficient to support certain findings of the court, but a careful consideration thereof discloses no particular wherein it was insufficient to support the findings substantially stated in the opinion on the appeal from the judgment, and, as there shown, the findings warranted the judgment.

Much reliance appears to be placed upon the fact that it was not shown that there was any appreciable value to the land appropriated for the ditch. This is entirely immaterial. It was plaintiff's land, however poor it might be, and the fact that it apparently has no great present value will not justify one who has no legal right thereto in appropriating the same. Plaintiff has the right to use it for any purpose that he may see fit, and anything that deprives him of the free and unobstructed use thereof is an invasion of his rights, against which the law will protect him. Here, an injunction against the maintenance of the ditch by defendants is the only adequate means of preventing the acquirement by pre-

scription by defendants of an absolute right to the use of said land for their purposes.

There was sufficient evidence to support the conclusion that the ditch was constructed upon an entirely different line from that occupied by the flume, and from one to twenty feet distant therefrom. It cannot be successfully contended that this was not a material difference. It subjected to defendants' use land of plaintiff that was not properly subject thereto.

There can of course be nothing in the contention that, because defendants acquired their right of way over public unoccupied lands of the United States, they have the right as against one acquiring the land from the government subject to their easement, to change the location thereof upon his land. He took his land subject only to the right of way as thus located. (See *McGuire* v. *Brown,* 106 Cal. 660, [39 Pac. 1060].)

2. Certain errors are alleged in regard to the admission of evidence over the objection of defendants. The evidence so admitted was of such a nature that if it be assumed that the trial court erred in each ruling assigned, it still remains that the conclusion of the court upon the issues material to the judgment could not have been affected by the evidence.

The court did not err in refusing to admit testimony on the part of defendants, in respect to the construction of their ditch on the land of Bolar. What defendants had done on other land than that of plaintiff could not affect the determination of the issues between plaintiff and defendants.

3. What has already been said here, and in the opinion on the appeal from the judgment, disposes of all points made under the contention that the motion for a nonsuit should have been granted.

The order denying a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.