[Civ. No. 21867.   Second Dist., Div. Two.   Nov. 16, 1956.]

WILLIAM C. THOMAS, Appellant, v. VIVIAN MOORE, Respondent.

60

Melvin W. Miller for Appellant.

Veatch, Thomas & Carlson for Respondent.

ASHBURN, J.—Plaintiff appeals from an order granting defendant's motion for new trial in a jury case upon the ground of insufficiency of the evidence to sustain the verdict.

Appellant's counsel asserts that "the evidence was sufficient to sustain the jury verdict although perhaps different minds might fairly come to a different conclusion thereon." Also, "that such evidence and the inferences to be drawn therefrom more than substantiated the decision of the jury, although it is admitted that perhaps different minds might naturally and fairly come to a different conclusion thereon." It is contended that the opinion in *Perry* v. *Fowler*, 102 Cal.App.2d 808 [229 P.2d 46], correctly and authoritatively declares "against the use of such discretionary power in cases where the evidence is nearly balanced or is such that different minds would naturally and fairly come to different conclusions thereon." Counsel relies upon the following language from *Perry* v. *Fowler, supra,* at page 811: "The law, moreover, anticipates that 'when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon,' the trial judge will not disturb the verdict 'although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness.' " The quotations are taken from the case of *Kansas Pac. Ry. Co.* v. *Kunkel,* 17 Kan. 145, 172. They do not reflect the law of this state, at least so far as the rule of appellate review is concerned.

In *People* v. *Robarge,* 41 Cal.2d 628 [262 P.2d 14], the trial judge was reversed because he had accepted the findings of the jury in preference to his own appraisal of the evidence and on that ground had denied the motion for new trial. At page 633 it is said: ''While it is the exclusive province of the jury to find the facts, it is the duty of the trial court to see that this function is intelligently and justly performed, and in the exercise of its supervisory power over the verdict, the court, on motion for a new trial, should consider the probative force of the evidence and satisfy itself that the evidence as a whole is sufficient to sustain the verdict. . . . In passing upon a motion for a new trial the judge has very broad discretion and is not bound by conflicts in the evidence, and reviewing courts are reluctant to interfere with a decision granting or denying such a motion unless there is a clear showing of an abuse of discretion. In the present case it clearly appears that the trial court misconceived its duty under the foregoing authorities and, for that reason, failed to give defendant the benefit of a proper review of the evidence.''

The applicable rule is clearly stated in *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465]: ''This court has recently reiterated the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. [Citations.] The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for 'It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.' [Citations.]''

Plaintiff, an experienced carpenter who had reached the age of 82, was engaged in installing a molding along the

62

top of the wall in defendant's kitchen. To that end he placed a collapsible 4-foot ladder next to the sink and drainboard, climbed up on that level and proceeded to work. As he was returning to the floor he placed his left foot on the step of the ladder, the second from the top, and was placing the right foot on the step below it when something happened that precipitated him to the floor, thus breaking his hip. He says the ladder skidded right out from under him; that he thinks one leg of it skidded in a circle. But the only skid marks seen on the floor extended in a straight line. Plaintiff was wearing bifocal glasses and was somewhat cramped and stooped as he undertook to descend. While still lying on the floor he told Mr. Hager, a neighbor of defendant, that he "missed his step," a quite logical explanation of a fall by one who wears bifocals.

Plaintiff's claim in court was and is that the fall was due to an unsafe condition of the kitchen floor; that the defendant knew or should have known of same, and that she failed to warn him. In other words, the claim is that the floor was slippery from waxing. It was covered with a linoleum which had been waxed by defendant at some unknown date, certainly not on the day of the accident, and it does not appear how recently that had been done. In doing that work defendant used Johnson's floor wax and a buffer. The kitchen was well lighted on the occasion in question. No one saw any slick or shiny appearance to the floor. Plaintiff did say that it looked polished, but later testified that it had a dull finish. There is no evidence of any lumps or spots of wax or of any other substance on the floor, no water or other foreign material, no holes or worn places or tears in the linoleum. The floor was clean and the ladder was level. Plaintiff had looked at the floor when setting the ladder and had seen nothing wrong. He had walked on it and had not slipped. Manifestly, the evidence would have sustained a verdict in favor of defendant. There was no abuse of discretion in the granting of a new trial.

The fact that other inferences were permissible is of no moment for it was the duty of the judge to weigh and accept or reject the various items of evidence which respective counsel stressed. It may be that defendant told plaintiff after the accident that she had forgotten to tell him the floor was waxed; he says she did, but she does not recall doing so. If it be true that defendant made a practice of placing a paper under a chair when she used one to reach the shelves

above the sink but did so only after the floor had been waxed, that would present but one facet of a many-sided factual problem to the trial judge. It may be that defendant told plaintiff he was "protected" but that would not reflect any light upon the cause of an accident which occurred in her absence. Perhaps plaintiff did not tell Mr. Hager that he missed his step, but that was a a matter for the trial judge to decide.

It may be assumed that the ladder did slip or skid out from under plaintiff. That fact does not make a case, much less overthrow the judgment of the trial court as to the weight of the evidence. *Vaughn* v. *Montgomery Ward & Co.*, 95 Cal.App.2d 553 [213 P.2d 417], is pertinent. Plaintiff had slipped and fallen in defendant's department store and sued for injuries. ▪ In reversing a judgment for plaintiff the court said, at pages 556-557: "In order to impose liability on the owner it must be shown that a dangerous condition existed, and that the defendant knew or should have known of it. While under some circumstances, negligence may be inferred from the existence of a dangerous condition, the burden rests upon the plaintiff to show the existence of a dangerous condition, and that the defendant knew or should have known of it. ▪ No inference of negligence arises based simply upon proof of a fall upon the owner's floor. The doctrine of res ipsa loquitur is not applicable to such cases. . . . Interpreted most strongly in favor of plaintiff, as it must be, the evidence shows that plaintiff slipped and fell, and, that after she fell, there was a greasy substance on her stocking, coat and skirt. There is no evidence of any foreign substance on the floor. There is no evidence that the floors were recently oiled or waxed. There is no evidence, in fact, that the floor was slippery. . . . The only way the present judgment could be sustained would be to hold that the happening of the accident raises an inference of negligence, or that the doctrine of res ipsa loquitur is applicable. That is not the law."

▪ As above indicated it does not appear that defendant's floor was slippery. But if the fact be assumed to have existed, the language of Mr. Justice Shinn in *Nicola* v. *Pacific Gas & Elec. Co.*, 50 Cal.App.2d 612, 615 [123 P.2d 529], would be apposite: "Of course slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reason-

ably safe. This is a question of fact.'' See also *Harpke* v. *Lankershim Estates,* 103 Cal.App.2d 143, 145-146 [229 P.2d 103].

The order granting a new trial is affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 8, 1957.