[Civ. No. 26. Fifth Dist. Jan. 26, 1962.]

ROY PEMBERTON, Plaintiff and Respondent, v. JAMES WALTER BARBER, Defendant and Appellant.

Vizzard, Baker, Sullivan & McFarland and Allan H. Mc-Farland for Defendant and Appellant.

Mack, Bianco, King & Eyherabide and Henry C. Mack, Jr., for Plaintiff and Respondent.

CONLEY, P. J.—This is an appeal from an order granting a new trial to plaintiff after a jury verdict for the defendant in an action for property damage to an airplane. The order granting the new trial was made on the ground ". . . of the insufficiency of the evidence to sustain the verdict. . . ."

The plaintiff, Roy Pemberton, is a Cessna aircraft dealer

in Bakersfield who leases, rents and sells airplanes. The defendant, James Walter Barber, had been taking flying lessons from Pemberton in order to qualify for his pilot's license; after a course of instruction, while defendant was still a student pilot, he secured from the plaintiff an airplane in which to go to the Corcoran Airport. The defendant flew west from Bakersfield, but he testified that when he got half-way to Corcoran his engine "roughed up." The north end of defendant's ranch is about 6 miles from Corcoran. The defendant claimed that his plane "roughed up" a second time when he was about 8 miles from Corcoran and that as he needed a place to land he remembered that there was a roadway on his ranch which would serve the purpose. Defendant did bring his plane down to the dirt road, but there was a mound of earth about 20 or 30 feet off the road which defendant struck and which caused the plane to invert. The defendant was not injured personally, but the plane was damaged.

Plaintiff was notified of the accident. He flew to Corcoran, went to the crashed plane, and took possession of it. A Federal Aviation Agency report included mention of engine trouble when submitted by the defendant, but because the agency representative said that this would mean that plaintiff would have to tear down the engine at some trouble and expense, the inclusion of the phrase "engine trouble" as a cause of the accident was deleted when the report was finally filed by the defendant.

The airplane was taken over by the Indemnity Insurance Company of North America. Plaintiff was paid, and the insurance company filed an action for recovery of the damage to the Cessna, using the admissible technique of employing the owner's name as plaintiff.

There is only one question legitimately involved on this appeal: Did the trial court abuse its discretion in granting the new trial? In *Hawk* v. *City of Newport Beach,* 46 Cal.2d 213, 219 [293 P.2d 48], the Supreme Court discusses the respective duties of the trial and appellate courts in connection with an order granting a new trial as follows:

"In granting that motion, the trial court 'particularly' relied on the ground of insufficiency of the evidence. In passing on a motion for new trial made upon that ground, a trial court weighs the evidence and the inferences to be drawn therefrom, and when the motion is granted its action will not be disturbed unless there has been an abuse of discretion; and it cannot be held that a trial court has abused its discretion

where there is any evidence which would support a judgment in favor of the moving party. (*Estate of Green,* 25 Cal.2d 535, 542 [154 P.2d 692]; *Hames* v. *Rust,* 14 Cal.2d 119, 124 [92 P.2d 1010].) In the instant case the evidence and the inferences to be drawn therefrom are such that reasonable men could differ in the determination of the several issues presented, and a judgment in favor of the defendant city would find ample support in the evidence. It therefore cannot be said that the trial court abused its discretion in granting defendant's motion for a new trial.''

▮ The trial judge necessarily is in the best possible position to rule on the question whether a jury has decided the case correctly on the facts. He has heard and seen the witnesses and has an intimate knowledge by observation of what has actually passed before the jury during the trial. The upper court *is not in the same favorable position* and, therefore, is not permitted under the rules of appellate procedure to weigh the evidence or pass upon the credibility of witnesses. ▮ And it is clear that the trial judge not only has the right, but the duty, to grant a new trial if in his opinion the evidence does not warrant the judgment based on the jury's verdict.

▮ In *Hughey* v. *Candoli,* 159 Cal.App.2d 231, 234-235 [323 P.2d 779], this situation is thus discussed:

''The applicable rule of review is stated in *Brown* v. *Guy,* 144 Cal.App.2d 659, 661 [301 P.2d 413]: 'Upon the consideration of a motion for a new trial the court must make an independent appraisal of the evidence, including all presumptions and reasonable inferences, and must judicially determine whether the judgment effects a miscarriage of justice. ▮ In considering such motion the trial court is not bound by a conflict in the evidence but may be governed by any substantial proof that would reasonably warrant a judgment for the moving party even though such evidence consists of nothing more than inferences from established facts. ▮ On appeal from the order it will not be reversed unless the reviewing court concludes that as a matter of law there is no substantial evidence to support a contrary judgment.' Quoting from a Supreme Court case *Thomas* v. *Moore,* 146 Cal.App.2d 59, 61 [303 P.2d 624], says: ' ''The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. [Citations.] The only conflict may be the opposing

inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for 'It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.' [Citations.]'' '' ''

(See also *Clippinger* v. *Reiss*, 17 Cal.App.2d 604 [62 P.2d 418]; 3 Witkin, California Procedure, Attack on Judgment in Trial Court, § 15, p. 2061.)

There was in many particulars a conflict in the evidence relative to negligence. The defendant claims that he was forced to land by reason of the "roughing up" of his engine during the course of his flight from Bakersfield toward Corcoran. The very fact that an unskilled flier found that his engine "roughed up" on a hot summer's day in the San Joaquin Valley might lead to an inference that he was negligent in the operation of the plane. With respect to the necessity of attempting to land on the roadway at his ranch or whether he exercised due care in doing so presented other facets of conduct as to which negligence might be inferred. There was testimony that instead of being forced to land by a faulty engine the defendant just wanted to bring down his plane on his own ranch to see if he could do it; that after the accident he told plaintiff that he landed at Corcoran and then went back to the ranch; and that he said to a Mr. Nielson that he "goofed on the landing." The plaintiff testified that there was an airstrip at Pond, where the airplane engine first began "sounding rough," according to defendant's testimony. The Delano Airport was about 5 miles away, as was the Crockett-Gambogy airstrip. Defendant flew another 4 or 5 miles before landing on his ranch, and the choice of landing places might furnish a basis for a finding of negligence. There was expert testimony also that there was little chance of the engine's having an icing condition, and the FAA inspector testified, ''. . . that the power failure occurred right over the ranch was too much for me to swallow.'' This referred to the defendant's testimony that the engine ''smoothed out'' and gave no trouble after the first occurrence until he was over his own ranch.

Defendant testified that he knew he should land only at the airport if at all possible, and immediately after the accident he said nothing to plaintiff about engine trouble, but indicated

that he felt that he was not so good a pilot as he had thought. The record also shows that after the defendant landed on his ranch the plane was turned off of the roadway, as a result of which it came into contact with a bank of earth; the landing operation and the course of the plane after contact was made with the ground might be thought to be negligent.

It is clear, therefore, that the trial court had ample grounds upon which to base a conclusion that the defendant was, in fact, negligent and that the jury's verdict was consequently wrong.

Appellant raises a number of points which have no place in an appeal from an order granting a new trial. ▇▇▇ Among other things, appellant claims: (a) that plaintiff failed properly to plead the cause of action relied upon at the trial, and that consequently there was a variance between the pleading and proof; (b) that defendant's demurrer to the complaint was erroneously overruled; (c) that the motion for nonsuit was erroneously denied. All of these claims of error are immaterial insofar as this appeal is concerned.

"Upon an appeal from an order granting or denying a new trial, only such matters can be considered as are made grounds upon which the superior court is authorized to grant or deny the motion. Neither the sufficiency of a pleading nor the action of the superior court upon a demurrer thereto, or upon a motion to strike out the pleading or any portion thereof, can be considered." (*Green* v. *Duvergey,* 146 Cal. 379, 384 [80 P. 234].)

(See also *Stewart* v. *Stewart,* 156 Cal. 651 [105 P. 955] ; *Riverside Water Co.* v. *Gage,* 108 Cal. 240 [41 P. 299] ; *Moore* v. *Douglas,* 132 Cal. 399 [64 P. 705] ; *Simon Newman Co.* v. *Lassing,* 141 Cal. 174 [74 P. 761] ; *Vestal* v. *Young,* 147 Cal. 721 [82 P. 383].)

"A new trial is a re-examination of an issue of fact (Code Civ. Proc., § 656), . . . the question of whether or not a judgment is authorized by the pleadings is not involved in a re-examination ·of an issue of fact, and, therefore, the question of the sufficiency of the complaint to support the findings and judgment in any given case cannot be raised or reviewed upon an appeal from an order denying a motion for a new trial." (*Schroeder* v. *Mauzy,* 16 Cal.App. 443, 447-448 [118 P. 459].)

"The party who prevailed at the trial has no errors, committed at the trial, to complain of, and if he had he would not be heard to complain, for he was not injured thereby. If, however, the motion be granted, he then has cause for complaint

and the statute gives him an appeal from the order. The sole object of this appeal is to determine whether the court erred in granting the motion on the record made up by the moving party, in respect of any one or all the grounds stated in the specifications presented by the moving party; there can be no other record on which to appeal, for it is the only one pre-/ sented to the trial court; there can be no other specifications for like reason." (*Byxbee* v. *Dewey*, 128 Cal. 322, 324 [60 P. 847] ; 4 Cal.Jur.2d, Appeal and Error, § 546, p. 405.)

". . . the appellant's contention that the complaint fails to state a cause of action, and that the demurrer to the same should have been sustained, also that the judgment is not supported by the findings, and that the findings are contradictory and inconsistent with the pleadings, cannot therefore be considered, there being no appeal from the judgment." (Citing cases.) (*Moore* v. *Douglas*, 132 Cal. 399, 400 [64 P. 705].)

As the court said in *Vestal* v. *Young, supra,* 147 Cal. 721, 722 [82 P. 383] :

"Several of the points made upon this appeal,—viz., (1) the motion to dismiss the action made before the trial should have been granted; (2) the demurrer to the amended complaint should have been sustained; (3) the findings of the court are without the issues made by the pleadings, and (4) the findings do not support the judgment,—were available only on the appeal from the judgment, and cannot be considered on the appeal from the order denying a new trial."

The law is thus well settled that the reviewing court, on appeal from an order on motion for a new trial, cannot consider such questions as sufficiency of the complaint, rulings on demurrers, or variance.

A major portion of each of the briefs of appellant is devoted to the contention that the complaint pleaded a type of bailment which placed a greater duty of care on the defendant than that contended for by respondent during the trial. [9] Bailments are classified as follows in 7 California Jurisprudence 2d, Bailments, section 2, page 617 :

"Modern authorities generally classify bailments in accordance with the common-law conception of what constitutes a proper basis upon which the rights of bailor and bailee should rest. The central idea of our law with respect to bailments is enwrapped in the consideration of recompense or no recompense, the foundation principle being that the burden of care should rest most lightly upon him whose services go unre-

quited. Accordingly, bailments are often classified as gratuitous or lucrative. They are also generally classified under three heads: (1) those for the sole benefit of the bailor; (2) those for the sole benefit of the bailee; and (3) those for the benefit of both parties.''

The appellant, curiously enough, argues that the complaint requires that the bailee must exercise the highest degree of care for the safekeeping of the property and that on the trial itself plaintiff's theory was modified so that the bailee would only have to exercise ordinary care for the preservation of the airplane. Thus, if the contention of the appellant is correct, it would reinforce the determination of the trial judge that there was negligence. Or to put it otherwise, the trial judge, under the appellant's contention, in acting upon a motion for a new trial, would be justified in granting it if he determined that there was only slight negligence on the part of the defendant rather than ordinary negligence as found by the court.

Summarizing, there was ample evidence in the record from which the trial court could properly conclude that the jury's verdict was incorrect and that a new trial should be granted.

The order granting a new trial is affirmed.

Brown, J., and Stone, J., concurred.