[Civ. No. 693. Fifth Dist. Nov. 29, 1966.]

JOAN LEE DOYLE, as Administratrix, etc., Plaintiff and Appellant, v. RUTH C. HAMREN, as Executrix, etc., Defendant and Appellant; PIPER AIRCRAFT CORPORATION, Defendant and Respondent.

Morton L. Friedman and Friedman & Collard for Plaintiff and Appellant.

Fitzwilliam, Memering, Stumbos & DeMers and John D. Stumbos, Jr., for Defendant and Appellant.

McLaughlin, Russell, McCarthy & Kaelin and Jerome M. McLaughlin for Defendant and Respondent.

CONLEY, P. J.—The tragical background of this litigation occurred when a privately owned Piper Comanche airplane fell into San Francisco Bay; all three of the occupants of the plane were killed. The airplane was piloted by Wilbur M. Hamren, and the other two victims were Edward W. Doyle, Jr. and Oliver J. Bell. They were returning to their homes in Sacramento from a business trip to San Francisco. The weather, although apparently adverse, appeared to Mr. Hamren, who was licensed to operate the plane, to be such that he could properly operate the aircraft pursuant to permission given by the technical staff of the San Francisco airport.

The action was instituted by Joan Lee Doyle, widow of Edward W. Doyle, Jr., and administratrix of his estate, on behalf of his heirs; the plaintiff is sometimes referred to hereinafter as "Doyle." Several defendants were sued by Mrs. Doyle, but by the time the case was submitted to the jury all but two had been eliminated by voluntary dismissal,

summary judgment, or nonsuit. No appeal was taken against any of such persons, and the dispositions in their favor have become final, and, consequently, are of no concern on this appeal. The case went to the jury as to the defendant, Ruth C. Hamren, as executrix of the estate of Wilbur M. Hamren, deceased, sometimes referred to hereinafter as "Hamren," and Piper Aircraft Corporation, sometimes denominated in this opinion as "Piper." The jury returned a verdict in favor of the plaintiff against Hamren, as executrix, in the sum of $51,427.75, and judgment was accordingly entered on that verdict in due course. The jury's verdict was also for Piper Aircraft Corporation.

The plaintiff moved for a new trial as to Ruth C. Hamren, as executrix, and as to Piper, and, in the alternative, as to Hamren on the sole issue of damages. Hamren also moved for a new trial as to plaintiff. These motions were fully argued; the court denied the Doyle motion as to Piper, and denied the Hamren motion, but granted the Doyle motion for a new trial as to appellant Hamren on the sole issue of damages, which, in the court's opinion, were "grossly inadequate."

Hamren appealed from the judgment entered in favor of Doyle, from the order denying Hamren's motion for a new trial and also from the order granting Doyle's motion for a new trial on the sole issue of damages. The order denying the motion for a new trial is not appealable and the appeal from that order must, therefore, be dismissed. However, an appeal does lie from the order granting a new trial (Code Civ. Proc., § 963, subd. 2), and from the judgments.

In the Doyle complaint, plaintiff alleged that Edward W. Doyle, Jr., was a passenger in the Piper airplane and that it was operated negligently by the decedent, Wilbur M. Hamren; also, that, by reason of warranty and oral representation, the manufacturer of the Piper Comanche plane was guilty of negligence which proximately contributed to the fatal accident.

The verdict in favor of Mrs. Doyle, as executrix, was in the sum of $51,427.75, the funeral expenses alone being $1,427.75; in ruling on the motion for a new trial, the judge pointed out that the decedent Doyle had a life expectancy of 44 years; that he had earned substantial sums of money while a student, and had left surviving him a widow and small child. By way of illustration, the court assumed earnings of $10,000 per year for 40 years, calculated the present value of such earnings, and mentioned that, on these assumptions, the

total amount of damages would be $197,930, or if only $5,000 were used, as assumed earnings of decedent, for that number of years, the total present damages would be $98,965; the $50,000 general damage figure awarded by the jury was, therefore, grossly inadequate, though substantial, even accepting these moderate earning figures. The trial judge felt, however, that a new trial should not be granted as to the Piper Aircraft Corporation; he stated that he had only allowed the question of its responsibility to go to the jury because of the modern expansion of the concept of strict liability imposed on manufacturers, and that he thought there was no evidence which would justify overturning the verdict in its favor. The trial judge stated further that he entertained no doubt that the negligence of Mr. Hamren, as pilot, was amply proven; the court believed from the evidence that Mr. Hamren was not trained or qualified to operate an aircraft on instruments and that the weather conditions required such training and qualifications; the expert witnesses, Atkins, Caywood and Solomon, testified that an untrained and unqualified pilot flying under the then existing conditions would necessarily lose orientation and go into a "graveyard spiral," such as was witnessed by Donald Butler, an eyewitness to the accident.

Mrs. Doyle concedes that her appeal from the judgment in favor of Piper was only taken to preserve jurisdiction over that party if this court should disapprove the order granting the motion for a new trial as against Hamren on the sole ground of damages and substitute an outright reversal in that it would be unfair to retry the case against Hamren alone, because Hamren would again argue that the accident was not caused by the pilot's error but by a defect in the aircraft. The jury in the present case, of course, rejected the latter argument. As the evidence is ample to support the jury's verdict in favor of Piper, the judgment in its favor should be affirmed.

The appellant, Ruth C. Hamren, concedes in her brief that the findings by the jury that Mr. Hamren was the pilot of the plane and that he was negligent are supported by substantial evidence. The grounds of appeal urged by her are three in number:

1) It was error for the trial court to refuse to instruct the jury on the defense of contributory negligence;

2) It was prejudicial to rule as a matter of law that the deceased, Edward W. Doyle, Jr., was a passenger in the airplane, rather than a guest; and

3) It was improper to grant respondent's motion for a new trial limited solely to the issues of damages.

All of the following contentions of Hamren are true: that contributory negligence was included as one of the issues in the pretrial order; that the appellant requested the court to give two instructions on contributory negligence (BAJI Nos. 103.3 (Rev.) and 103B); that such requested instructions were refused; that a litigant is entitled to have proposed instructions given on every theory which is supported by substantial evidence, and that certain instructions were given by the court with respect to operation of airplanes in adverse weather. But it is also true, as conceded in appellant Hamren's brief ". . . that a trial court is not required to instruct, and should not instruct, on a theory of law that is not supported by the evidence." That is obviously the rule that the court applied in refusing to give any instruction on contributory negligence. It should be observed, in view of the record, that if the court had instructed on contributory negligence and the jury's verdict had been against the plaintiff because of such instruction, an appellate court would necessarily set aside such a judgment, for there is no substantial evidence which would justify a finding of contributory negligence in this case. ▮ The evidence shows clearly that Mr. Hamren was the experienced expert who was licensed to operate the plane and that the proposed passengers had the choice of accepting or refusing the offer of a skilled man as pilot. Mr. Hamren was not only licensed to operate the aircraft, but he was in a position to determine without cavil whether the weather conditions were such that he could safely return with his passengers to Sacramento. Mr. Doyle and Mr. Bell naturally and reasonably accepted his word concerning all matters of operation, much as an invited citizen on the ground would properly assume that a licensed operator of an automobile was in the position to run it, to choose the roadway, and to judge whether weather conditions were such that he could safely and properly operate the car toward its destination.

Appellant Hamren's faith in her observation that Mr. Doyle was a college graduate shows the weakness of her contention; whether or not he had studied criminology or Greek history could not make any difference in his ability to judge either the weather or the safety factors involved in the contemplated airplane journey; he had a beginner's license and had spent a short time in the air previously, but he was in no sense the

possessor of practical "know-how" in determining whether the trip to which he had been invited was a safe one or not.

There is no evidence that Mr. Doyle attempted to operate the plane, and in those circumstances it would be an astounding accusation that he could possibly be guilty of contributory negligence unless the evidence showed the rare exception to the general rule mentioned in *Shahinian* v. *McCormick*, 59 Cal.2d 554, 568-569 [30 Cal.Rptr. 521, 381 P.2d 377], as follows: "However, there does exist another possible basis of contributory negligence. The jury could reasonably have concluded that one cause of the accident may have been Mrs. McCormick's inexperience, and that plaintiff failed to exercise due care for his own safety and protection by initially consenting to ski with Mrs. McCormick driving the boat because he knew or should have known that she was inexperienced. Thus, even if the jury could have found that plaintiff did not assume the risk of such injuries because he did not in fact know of Mrs. McCormick's inexperience or because he did not appreciate the magnitude of the risk created thereby, still the jury could have found him negligent in failing to discover that risk."

The present record shows that Mr. Doyle had information which purportedly showed complete ability on the part of Mr. Hamren to operate the plane in the circumstances. Nothing in the evidence indicates that Mr. Doyle was guilty of contributory negligence in riding with Hamren.

It would seem, abstractly, that the appellant would have a better talking point by claiming that instead of contributory negligence there was assumption of the risk by Doyle. This point, however, is not urged as a ground for reversal except in a backhanded manner through the citation of certain eastern cases which do not distinguish between the theory of contributory negligence and the theory of assumption of the risk. (*Boise Payette Lumber Co.* v. *Larsen*, 214 F.2d 373; *Haase* v. *Helgeson*, 57 Wn.2d 863 [360 P.2d 339]; *Lange* v. *Nelson-Ryan Flight Service, Inc.*, 263 Minn. 152 [116 N.W.2d 266].) ■ In California, of course, there is a clear distinction between the defenses of contributory negligence and assumption of the risk. (*Vierra* v. *Fifth Ave. Rental Service*, 60 Cal.2d 266 [32 Cal.Rptr. 193, 383 P.2d 777].) And there should not be in this case, or any other California case, a failure to distinguish between the two. However, it is also clear that there is no evidence which would warrant the submission to the jury of the question of whether or not the

magnitude of the risk attaching to the airplane journey to Sacramento was knowingly undertaken by the decedent Doyle. (See *Shahinian* v. *McCormick, supra,* 59 Cal.2d 554, 566-567.)

The second point which the appellant, Hamren, raises is that the question should have been submitted to the jury whether or not Mr. Doyle was a guest or a passenger on the airplane. It is clear from the record that the purpose of the trip to San Francisco made by the three men and a fourth, James Galloway, had been to arrange transactions as a joint venture for the establishment of a convalescent home in Sacramento, and that Hamren was proposed as the manager of that home at a salary of $1,000 a month from May 1, 1963, plus a share of the profits. There was testimony that it was necessary for all parties to go to San Francisco on this day for this business arrangement. This fact was made clear by the witness, Luther, attorney for the joint venturers, by testimony of Mr. Galloway, and by confirmation by Mrs. Hamren. As a matter of law the riders in the airplane were passengers, and not guests, and could recover on the basis of simple negligence. (*Tucker* v. *Landucci,* 57 Cal.2d 762 [22 Cal.Rptr. 10, 371 P.2d 754].)

Appellant Hamren's final point, that it was error to limit the order for a new trial to the issue of damages, is not well taken, for under the authorities, it was a matter within the discretion of the trial judge and his decision could be reversed only if an abuse of that discretion were shown. (*Pemberton* v. *Barber,* 199 Cal.App.2d 534 [18 Cal.Rptr. 784].) The evidence established that the fatal accident was the result of negligence on the part of the pilot or possibly the fault of the manufacturers of the aircraft. Piper blamed Hamren; Hamren blamed Piper; Doyle blamed Piper and Hamren. The real problem for the jury was to decide whether Piper should be held as well as the pilot. It was pointed out in the memorandum opinion of the trial judge that the issue of liability, as it concerned the pilot, was not close. (See 36 Cal.Jur.2d, New Trial, § 100, p. 287.) There was evidence showing that Doyle's loss of earning capacity was over $350,000, a much greater sum than was discussed by the trial judge in his opinion filed at the time of ruling on the motions for a new trial. In employing conservative figures in his discussion, the trial judge determined that the actual damage to Mr. Doyle's heirs was substantially greater than the figure adopted by the jury. If the verdict is

substantial, though inadequate, as determined by the trial judge, a new trial limited to damages alone is proper. (*Bradford* v. *Edmands,* 215 Cal.App.2d 159 [30 Cal.Rptr. 185]; *Berg* v. *Sonen,* 230 Cal.App.2d 434 [41 Cal.Rptr. 37].)

We do not think it would be fair to impose sanctions under rule 26a of the California Rules of Court on the theory that the appellant, Hamren, filed a frivolous appeal. We conclude that, although said appellant's points are not meritorious, counsel was presumably sincere in urging them.

The purported appeal from the order denying the motion for a new trial is dismissed. The judgment for Piper Aircraft Corporation and the judgment for plaintiff against Hamren are, and each of them is, affirmed. The order granting a new trial against Ruth C. Hamren, as executrix of the estate of Wilbur M. Hamren, deceased, on the sole ground of the issue of damages is affirmed.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied December 27, 1966, and the petition of defendant and appellant for a hearing by the Supreme Court was denied January 25, 1967.